UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPELLO *et al.*, | |
| Plaintiffs, | Case No. C02-5242FDB |
| v. | REPORT AND RECOMMENDATION |
| SELING, *et al.*, | **NOTED FOR:** |
| Defendants. | April 8th**, 2005** |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is the first of 22 separate motions for summary judgment filed by defendants[1]. This Report and Recommendation deals only with the claims of Bradley Johnson. The court apologizes for the delay in issuing this Report. The responsive briefing was a consolidated response by all plaintiffs and was over 1000 pages. (Dkt. # 404 through 424). The time to review that document and the courts other obligations resulted in delay of these cases.

---

[1] There were a much larger number of motions but many plaintiffs have settled with defendants and only 22 plaintiff's remain.

ORDER - 1

## PROCEDURAL HISTORY

Defendant's filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were all supported by a general brief and declarations, (Dkt. # 229 and 230 through 242). On July 8th, 2004, defendants filed a memorandum specific to Mr. Johnson. (Dkt. # 250). This memorandum and attached declaration set forth mental health treatment and issues specific to Mr. Johnson. (Dkt. # 250 and 251).

On August 11th, 2004 plaintiffs filed a single response to all the summary judgment motions. (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials. It has taken a considerable amount of time, but, the court has considered the briefing filed.

Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421)(as far as the court can discern none of the information in any of this briefing is specific to Mr. Johnson). Included in the response is an untimely cross motion for summary judgement. Plaintiff's response will be considered only as a response and the court will not entertain plaintiff's untimely dispositive motion. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center, SCC. Plaintiff challenges the mental health and medical treatment and confinement conditions provided. The plaintiff's are all persons confined for mental health treatment. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence. (Dkt. # 229 page 3).

For over a decade the SCC has operated under federal oversight as a result of injunctions issued by the Western District Federal Court in Seattle. The court found the

ORDER - 2

conditions of confinement in 1991 to be unconstitutional and found the mental health treatment offered at that point in time to be inadequate. Turay v. Seling, C91-0664RSM. Federal oversight continues in a limited capacity to this day. There have been high and low points during the years of oversight including findings of contempt, and findings that portions of the injunction had been fulfilled. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt # 1906). Judicial oversight continues.

This plaintiff, Mr. Johnson, stipulated to his commitment on September 22nd, 2000. (Dkt. # 250). He has been in treatment, has progressed through treatment, and has done very well according to plaintiff and defendants. (Dkt. # 250). At the time of his deposition he was in phase 4 of treatment and was being considered for phase 5. (Dkt. # 250 exhibit 1 deposition of Bradley Johnson pages 24 and 25). The defendants claim the treatment provided plaintiff has helped him to develop coping skills to control deviant fantasies and that Mr. Johnson has gained insight regarding the harm his behavior caused himself and others. (Dkt. # 250).

Defendants in there statement of facts note:

> Mr. Johnson's description of his confinement at SCC is strikingly different from the scathing rhetoric of plaintiffs' complaint. Unlike many of the plaintiffs in this case, Mr. Johnson has worked hard to progress through treatment and concedes that the treatment has benefited him. Consistent with his diagnosis of Borderline Intellectual Functioning, Mr. Johnson feels he fits in well with SCC's Special Needs program. Id. at 24. Special Needs staff presents treatment information "at a slower pace and they break things down. It's easier to understand." Id. at 25. Through treatment Mr. Johnson has learned techniques to control his deviant fantasies; he has gained a better understanding of the harm he caused to his victim; and he believes he has progressed in terms of reducing his risk of reoffense. Id. at 48, 46, 32. The treatment program is challenging and Mr. Johnson continues to learn new things. Id. at 30. Overall, he feels he is "doing well" and has progressed in all areas at SCC. Id. at 31, 41.

(Dkt. # 250 pages 2 and 3).[2] Nowhere in the thousands of pages of documentation filed by plaintiffs does Mr. Johnson contest defendants factual assertions.

Defendant's motion for summary judgement is very specific. Defendants seek summary

---

[2] Id in the quoted material above refers to the deposition of Bradley Johnson.

ORDER - 3

1  judgment because the complaint does not "accurately represent each plaintiff's claims, and
2  because **each plaintiff must demonstrate the merit of his own claims to go forward**". (Dkt.
3  # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh
4  Amendment, qualified immunity, personal participation, and lack of a constitutional violation.
5  (Dkt. # 229 pages 18 through 37). In essence, defendants argue that none of the plaintiffs can
6  show an injury of constitutional magnitude specific to that plaintiff.

7  Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other
8  cases without a showing the findings apply to him. Thus, Mr. Johnson continues to argue this
9  action in the abstract. By way of example he argues damages are "best weighed by everyday
10 spent without constitutionally adequate mental health treatment and more considerate
11 conditions of confinement than prisoners. (Dkt. # 404 page 6 of 51). By Mr. Johnson's own
12 admission he has received benefit from the mental health treatment provided. (Dkt. # 250
13 exhibit 1 deposition of Bradley Johnson pages 24 to 33). Plaintiff's argument does not address
14 defendants position, the requirement of a specific evidentiary showing.

## THE STANDARD

16 Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the
17 pleadings, depositions, answers to interrogatories, and admissions on file, together with
18 affidavits, if any, show that there is no genuine issue of material fact and that the moving party
19 is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (C). The moving party is entitled
20 to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on
21 an essential element of a claim on which the nonmoving party has the burden of proof. Celotex
22 corp. v. Catrett, 477 U.S. 317, 323 (1985).

23 There is no genuine issue of fact for trial where the record, taken as a whole, could not
24 lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v.
25 Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific,
26 significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ.

28 ORDER - 4

P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

       The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

       The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim.  T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra).  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

       In addition the court is mindful that an action for injunctive relief focuses on whether the combined acts or omissions of state officials violate a constitutional right or duty owed the plaintiff.  In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into causation is more specific and focuses on that persons specific actions.  Leer v. Murphy, 844 F. 2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

       The plaintiffs' reliance on Turay and other SCC injunctive relief cases is misplaced.  The holdings in those cases do not equate to findings of liability for damages against any named defendant.  This is because of the difference in standards of proof between actions for injunctive relief and actions for damages.  This difference was briefed by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et

ORDER - 5

> al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. *See* Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's findings in Turay did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229 pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard allows defendants to require a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. Johnson was informed of the summary judgment standard.. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). (Dkt. # 195). (emphasis in original order). Mr. Johnson has failed to come forward with any evidence to show any right or duty owed to him has been violated. His allegations in the complaint are unsupported by any evidence that shows he has suffered any injury. By his own

ORDER - 6

1 admission he has progressed and received benefit from the mental health treatment available to
2 him. He makes no showing of any denial of medical care, in fact his deposition shows he was
3 taken out of the facility for routine medical testing. (Dkt. # 250 exhibit 1). The defendants are
4 entitled to Summary Judgment based on this plaintiffs lack of evidence that he was subjected to
5 any unconstitutional condition.

6 The court need not reach any other issue in this particular case. The defendants are
7 entitled to summary judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 8th, 2005**, as noted in the caption.

DATED this 10th, day of March, 2005.

/S/ *Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 7