UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

    v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND RECOMMENDATION REGARDING DAVID SCOTT

**NOTED FOR:**
**December 16th, 2005**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of David Scott.

PROCEDURAL HISTORY

    Defendant's filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were all supported by a general brief and declarations, (Dkt. # 229 and 230 through 242). On July 23rd, 2004, defendants filed a memorandum specific to Mr. Scott (Dkt. # 310) which sets forth the mental health treatment available and issues specific to Mr. Scott. (Dkt. # 310 and 311).

    On August 11th, 2004 plaintiffs filed a single response to all the summary judgment

Report and Recommendation - 1

motions. (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials. It has taken a considerable amount of time, but, the court has considered the briefing filed.

Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421)(as far as the court can discern none of the information in any of this briefing is specific to Mr. Scott). The defendants "reply" urges the court to grant summary judgement as plaintiff Scott has failed to submit any specific evidence showing a genuine issue of material fact. (Dkt. # 387).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement. The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence. (Dkt. # 229, page 3).

For over a decade the SCC has operated under federal oversight as a result of injunctions issued by the United States District Court in Seattle. The court found the conditions of confinement in 1991 unconstitutional and found the mental health treatment offered at that point in time to be inadequate. Turay v. Seling, C91-0664RSM. There have been high and low points during the years of oversight including findings of contempt, and findings that portions of the injunction had been fulfilled. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt # 1906).

This plaintiff, Mr. Scott, was first sent to the SCC as a pre-trial detainee on April 20th, 2001 and he was committed on May 20th, 2002. (Dkt. # 310, Exhibit 1, Deposition of Scott). His criminal conviction history includes; third degree statutory rape in 1980, first degree

Report and Recommendation  - 2

1  statutory rape in 1981, and communication with a minor for an immoral purpose in 1990. (Dkt.
2  # 310, Exhibit 1, Deposition of Scott).
3      Plaintiff agreed to treatment and signed forms authorizing treatment. (Dkt. # 310,
4  Exhibit 1, Deposition of Scott). At the time of his deposition he was in phase II level IV. (Dkt.
5  # 310, Exhibit 1, Deposition of Scott). Completion of his sexual autobiography has prevented
6  his advancement to level III. (Dkt. # 311, Attachment B, assessment page 7). The record
7  placed before the court by defendants shows regular participation in treatment and that his
8  progress has been reviewed and assessed a number of times. (Dkt. # 310, page 3).
9      Mr. Scott has received medical treatment for a seizure disorder and had surgery for a
10  hearing condition. There is no specific complaint regarding medical treatment. (Dkt. # 310).
11  Plaintiff is employed in a custodial position and enjoys hobbies including making "hook
12  rugs"while at SCC. (Dkt. # 310, Exhibit 1, Deposition of Scott).
13      Mr. Scott's diagnosis is, Axis I pedophilia, attracted to both, nonexclusive type, and
14  cognitive disorder, not otherwise specified. On Axis II his diagnosis include personality
15  disorder, not otherwise specified, with dependent, avoidant, and narcissistic features. On Axis
16  III plaintiff has a seizure disorder. (Dkt. # 311, Attachment B).
17      The defendants submitted the declaration of Jason Dunham, a licensed psychologist,
18  who is of the opinion that the treatment available to plaintiff provides plaintiff with an
19  opportunity to improve the conditions for which he is committed. (Dkt. # 311). The Plaintiff
20  has not contradicted the factual representations or assertions made by defendants.
21      Defendants' motion for summary judgement is very specific. Defendants seek summary
22  judgment because the complaint does not "accurately represent each plaintiff's claims, and
23  because **each plaintiff must demonstrate the merit of his own claims to go forward**". (Dkt.
24  # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh
25  Amendment, qualified immunity, personal participation, and lack of a constitutional violation.
26  (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can
27
28  Report and Recommendation - 3

1  show an injury of constitutional magnitude specific to that plaintiff.

2  Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other
3  cases without a showing that the findings apply to him. Thus, Mr. Scott continues to argue this
4  action in the abstract. By way of example, he argues damages are "best weighed by everyday
5  spent without constitutionally adequate mental health treatment and more considerate
6  conditions of confinement than prisoners." (Dkt. # 404 page 6 of 51). Mr. Scott has no
7  evidence to support his assertions that the treatment offered him is in any was inadequate.
8  Plaintiff's response does not address defendants position, the requirement of a specific
9  evidentiary showing.

## THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court

Report and Recommendation - 4

must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases.  Anderson, supra at 254; T.W. Elec. Service Inc., supra at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party.  T.W. Elec. Service Inc., supra at 630.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim.  T.W. Elec. Service Inc., supra at 630. (relying on Anderson, supra).  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

In addition, the court is mindful that an action for injunctive relief focuses on whether the combined acts or omissions of state officials violate a constitutional right or duty owed the plaintiff.  In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into causation is more specific and focuses on that persons specific actions.  Leer v. Murphy, 844 F. 2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

The plaintiffs' reliance on Turay and other SCC injunctive relief cases is misplaced.  The holdings in those cases do not equate to findings of liability for damages against any named defendant.  This is because of the difference in standards of proof between actions for injunctive relief and actions for damages.  This difference was briefed by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. See Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir.

Report and Recommendation  - 5

> 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In <u>Sharp</u>, the Ninth Circuit specifically noted that Judge Dwyer's findings in <u>Turay</u> did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires plaintiff to "present specific, significant probative evidence.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

Mr. Scott was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

<u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). (Dkt. # 195). (emphasis in original order).  Mr. Scott has failed to come forward with any evidence to show that any right or duty owed to him has been violated. His allegations in the complaint are unsupported by any evidence that shows he has suffered any injury. The defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition. The defendants are entitled to summary judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order

Report and Recommendation - 6

1   and proposed judgment accompanies this Report and Recommendation.

2   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 16th, 2005**, as noted in the caption.

DATED this 17th day of November, 2005.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation  - 7