UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

  v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND RECOMMENDATION REGARDING JEFFERY WILSON

**NOTED FOR:**
**January 7th, 2006**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Jeffery Wilson.

PROCEDURAL HISTORY

Defendant's filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 27st, 2004, defendants filed a memorandum specific to Mr. Wilson. (Dkt. # 315). The memorandum and attached declarations addressed the mental health treatment available and issues specific to Mr. Williams. (Dkt. # 315 through317).

Plaintiffs filed a single response to all the summary judgment motions. (Dkt. # 404).

Report and Recommendation - 1

1  While the court had authorized each plaintiff to file an over length brief, the court did not
2  authorize the filing of this document which contained over one thousand pages of briefing and
3  materials.

4  Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421).
5  Plaintiff also submits his own declaration. (Dkt. # 413). Defendants reply and note that none of
6  the information provided by plaintiff creates a genuine issue of material fact that implicates any
7  named defendant in this action. (Dkt. # 388).

## FACTS AND CLAIMS

9  This action is one in a series of legal actions regarding the Special Commitment Center
10 (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement.
11 The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat
12 persons whose mental abnormalities or personality disorders make them likely to engage in
13 predatory acts of sexual violence. (Dkt. # 229 page 3).

14 For over a decade the SCC has operated under federal oversight as a result of
15 injunctions issued by the United States District Court in Seattle. In 1991 the court found
16 conditions of confinement unconstitutional and found the mental health treatment offered
17 inadequate. Turay v. Seling, C91-0664RSM. On June 19th, 2004 the court found the
18 defendants in substantial compliance and lifted the injunctions with one exception. Turay v.
19 Seling, C91-0664RSM (Dkt # 1906).

20 This plaintiff, Mr. Wilson, was first sent to the SCC as a pre-trial detainee in July 2001.
21 He was still a pre-trial detainee at the time of his deposition in 2003. (Dkt. # 315, Exhibit 1).
22 His criminal history includes convictions for three counts of indecent liberties involving minor
23 female children as victims. (Dkt. # 315, Exhibit 2).

24 Mr. Wilson's diagnosis includes Axis I Pedophilia (females-provisional), Voyeurism, and
25 Polysubstance Dependance (Provisional), Axis II Antisocial Personality Disorder (Provisional).
26 (Dkt. # 317, Attachment B, page 7). Plaintiff admits he is in treatment and ready for phase IV

Report and Recommendation - 2

after he takes polygraphs and plethysmograph tests. (Dkt. # 315, Exhibit 1, Deposition, page 25).

The defendants submitted the declaration of Holly Roberts Coryell, a licensed psychologist. The declaration states that the treatment available to plaintiff provides plaintiff with an opportunity to improve the conditions for which he is committed. (Dkt. # 317). The Plaintiff has not contradicted the factual representations or assertions made by defendants.

Defendants' motion for summary judgement is very specific. Defendants seek summary judgment because the complaint does not "accurately represent each plaintiff's claims, and because **each plaintiff must demonstrate the merit of his own claims to go forward.**" (Dkt. # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation. (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can show an injury of constitutional magnitude specific to that plaintiff.

In his twelve page declaration, plaintiff expresses his opinions regarding the differences between treatment at the Twin Rivers Correction Center and the SCC. Plaintiff provides no evidence to show the treatment offered him is inadequate. (Dkt. # 413). Plaintiff also complains regarding conditions of confinement including: the number of therapists he has had, the availability of vocational and educational opportunities, the quality of food, recreation hurdles such as controlled movement, legal access, room searches, medical and dental treatment, lack of privacy, his mail being opened on two occasions, the way he is treated by staff, receipt of goods ordered from outside vendors (in particular a case of soda pop), and changes to policy. (Dkt. # 413)

Defendants reply and note that Mr. Wilsons opinion regarding the adequacy of treatment, unsupported by expert testimony, does not create a genuine issue of material fact. (Dkt. # 390, page 2, citing, Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). Defendants show that two of the named defendants, Quasim and Smith, left their positions before Mr.

Report and Recommendation - 3

1  Wilson arrived at the SCC and that the other defendants did not personally participate in
2  conduct that violated a constitutional right or duty owed the plaintiff. (Dkt. # 242, ¶¶ 2, 3, and
3  5). Defendants show lack of personal participation on behalf of these two and all other
4  defendants. (Dkt. # 315, pages 6 through 8, citing Leer v. Murphy, 844 F.2d. 628, 632-633 (9th
5  Cir. 1988)).

6  Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other
7  cases without a showing that the findings apply to him. Thus, Mr. Wilson continues to argue
8  this action in the abstract. By way of example, he argues damages are "best weighed by
9  everyday spent without constitutionally adequate mental health treatment and more considerate
10 conditions of confinement than prisoners." (Dkt. # 404 page 6). By Mr. Wilson's own
11 admission, he has not had any contact with any of the named defendants and names them
12 because of there positions. (Dkt. # 315, Exhibit 1, Deposition of Wilson pages 44 to 46). He
13 has no evidence to support his assertions that the treatment offered him is in any was
14 inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary
15 showing.

### THE STANDARD

17 Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the
18 pleadings, depositions, answers to interrogatories, and admissions on file, together with
19 affidavits, if any, show that there is no genuine issue of material fact and that the moving party
20 is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled
21 to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on
22 an essential element of a claim on which the nonmoving party has the burden of proof. Celotex
23 Corp. v. Catrett, 477 U.S. 317, 323 (1985).

24 There is no genuine issue of fact for trial where the record, taken as a whole, could not
25 lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v.
26 Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific,

28 Report and Recommendation - 4

significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

    The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

    The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

    In addition, the court is mindful that an action for injunctive relief focuses on whether the combined acts or omissions of state officials violate a constitutional right or duty owed the plaintiff. In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into causation is more specific and focuses on that persons specific actions. Leer v. Murphy, 844 F. 2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

The plaintiffs' reliance on Turay and is misplaced. The holdings in those cases do not equate to findings of liability for damages against any named defendant. This is because of the difference in standards of proof between actions for injunctive relief and actions for damages. This difference was briefed by defendants who stated:

Report and Recommendation  - 5

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. See Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's findings in Turay did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. Wilson was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). (Dkt. # 195). (emphasis in original order). Mr. Wilson has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any

Report and Recommendation - 6

1  constitutional injury.

2      Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct. (Dkt. # 413 and attachments). By way of example he complains about a department of corrections officer putting handcuffs on him when he was transported off the island for a medical appointment. Plaintiff alleges the cuffs were so tight blood vessels in his wrist broke. (Dkt # 413, page 7). He does not make any allegation that a named defendant in this action was present, ordered the handcuffs placed on him too tight, or authorized or condoned the conduct of the officer. The same analysis is true for the remaining claims. There is simply no evidence from plaintiff that implicates any named defendant. Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant. The defendants are entitled to summary judgement as a matter of law.

### CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 7th, 2006**, as noted in the caption.

DATED this 13th, day of December, 2005.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 7