UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

  v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND
RECOMMENDATION
REGARDING
JOHN ANDERSON

**NOTED FOR:**
**January 13th, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is a summary judgment motion filed by defendants.  This Report and Recommendation deals only with the claims of John Anderson.

PROCEDURAL HISTORY

    Defendants filed a large number of summary judgment motions during July of 2004.  The dispositive motion cut off date was July 30th, 2004.  (Dkt. # 195).  The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242).  On July 27th, 2004, defendants filed a memorandum specific to Mr. Anderson.  (Dkt. # 318).  The memorandum and attached declarations addressed the mental health treatment available and issues specific to Mr. Anderson.  (Dkt. # 318 through 321).

    Plaintiffs filed a single response to all the summary judgment motions.  (Dkt. # 404).

Report and Recommendation - 1

1  While the court had authorized each plaintiff to file an over length brief, the court did not
2  authorize the filing of this document which contained over one thousand pages of briefing and
3  materials.

4  Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421).
5  Plaintiff also submits his own declaration. (Dkt. # 410). Defendants reply and note that none of
6  the information provided by plaintiff creates a genuine issue of material fact that implicates any
7  named defendant in this action. (Dkt. # 400).

## FACTS AND CLAIMS

9   This action is one in a series of legal actions regarding the Special Commitment Center
10  (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement.
11  The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat
12  persons whose mental abnormalities or personality disorders make them likely to engage in
13  predatory acts of sexual violence. (Dkt. # 229 page 3).

14  For over a decade the SCC has operated under federal oversight as a result of
15  injunctions issued by the United States District Court in Seattle. In 1991 the court found
16  conditions of confinement unconstitutional and found the mental health treatment offered
17  inadequate. Turay v. Seling, C91-0664RSM. On June 19th, 2004 the court found the
18  defendants in substantial compliance and lifted the injunctions with one exception. Turay v.
19  Seling, C91-0664RSM (Dkt # 1906).

20  This plaintiff, Mr. Anderson, was first sent to the SCC as a pre-trial detainee in March
21  15th, 2001. (Dkt. # 232). He was committed June 1st, 2004. (Dkt. # 319, ¶ 2). His criminal
22  history includes a conviction for first degree statutory rape. (Dkt. # 318, Exhibit 2). Prior to
23  his commitment plaintiff was in treatment at Western State Hospital for over nine years. ( Dkt.
24  # 318, Exhibit 1, deposition of Anderson, deposition page 7).

25  Mr. Anderson's diagnosis includes Axis I: Pedophilia sexually attracted to both, non
26  exclusive type; Exhibitionism, history of zoophilia; Axis II: Personality Disorder, not otherwise

28  Report and Recommendation - 2

specified with anti social and obsessive compulsive traits. (Dkt 321, Attachment B, page 9).

The defendants submitted the declaration of Allen Traywick, a licensed psychologist. The declaration states that the treatment available to plaintiff provides plaintiff with an opportunity to improve the conditions for which he is committed. (Dkt. # 321). The Plaintiff has not contradicted the factual representations or assertions made by defendants.

Defendants' motion for summary judgement is very specific. Defendants seek summary judgment because the complaint does not "accurately represent each plaintiff's claims, and because **each plaintiff must demonstrate the merit of his own claims to go forward.**" (Dkt. # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation. (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can show an injury of constitutional magnitude specific to that plaintiff.

In his fifteen page declaration, plaintiff expresses his opinions regarding the differences between treatment at the Western State Hospital and the SCC. Plaintiff provides no evidence to show the treatment offered him is inadequate. (Dkt. # 410). Plaintiff also complains regarding conditions of confinement including: the number of therapists available, the medical and dental care he has received, the size of the yard available, access to laundry, and visitation rules. (Dkt. # 318, Exhibit 1, deposition of John Anderson).

Defendants reply and note that Mr. Andersons opinion regarding the adequacy of treatment, unsupported by expert testimony, does not create a genuine issue of material fact. (Dkt. # 390, page 2, citing, Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). Defendants show that two of the named defendants, Quasim and Smith, left their positions before Mr. Anderson arrived at the SCC and that the other defendants did not personally participate in conduct that violated a constitutional right or duty owed the plaintiff. (Dkt. # 242, ¶¶ 2, 3, and 5). Defendants show lack of personal participation. (Dkt. # 318, page 11, citing Leer v. Murphy, 844 F.2d. 628, 632-633 (9th Cir. 1988)).

Report and Recommendation - 3

Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other cases without a showing that the findings apply to him. Thus, Mr. Anderson continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners." (Dkt. # 404 page 6). Plaintiff has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary showing.

## THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W.

Report and Recommendation  - 4

1  Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy
2  in favor of the nonmoving party only when the facts specifically attested by the party contradicts
3  facts specifically attested by the moving party. *Id.*

4        The nonmoving party may not merely state that it will discredit the moving party's
5  evidence at trial, in hopes that evidence can be developed at trial to support the claim.  T.W.
6  Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra).  Conclusory, nonspecific
7  statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v.
8  National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

9        In addition, the court is mindful that an action for injunctive relief focuses on whether
10  the combined acts or omissions of state officials violate a constitutional right or duty owed the
11  plaintiff.  In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into
12  causation is more specific and focuses on that persons specific actions.  Leer v. Murphy, 844 F.
13  2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

15        The plaintiffs' reliance on Turay and is misplaced.  The holdings in those cases do not
16  equate to findings of liability for damages against any named defendant.  This is because of the
17  difference in standards of proof between actions for injunctive relief and actions for damages.
18  This difference was briefed by defendants who stated:

19        As Judge Leighton explained in a similar case: "Turay has no talismanic
quality, the mere invocation of which conjures a cause of action." Hoisington, et
20  al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. #
189). Turay is of assistance to plaintiffs in this case only if (1) they are able to
21  identify a specific ruling from Turay that, for qualified immunity purposes, was
sufficient to put defendants on notice that their conduct potentially violated
22  plaintiffs' constitutional rights; or (2) they can point to a specific factual finding
from Turay that could apply by way of collateral estoppel. In either case, each
23  plaintiff must first show how a specific ruling or finding from Turay applies to his
situation and establishes a violation of his constitutional rights. In doing so, each
24  plaintiff must be aware that relief ordered in Turay does not represent the
constitutional minimum. *See* Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir.
25  2000) ("A court may order 'relief that the Constitution would not of its own
force initially require if such relief is necessary to remedy a constitutional
26  violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's
findings in Turay did not imply the existence of constitutional rights. Thus, for

28  Report and Recommendation  - 5

example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. Anderson was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.** Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(Dkt. # 195). (emphasis in original order). Mr. Anderson has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct. (Dkt. # 400 and attachments). By way of example he complains about medical and dental care, but defendants show plaintiff receives treatment when he signs up for it and goes to his appointments. Further, plaintiff does not name either the medical or dental care providers as defendants in this action. While he complains of his treatment he has not shown either personal participation or injury. He does not make any allegation that a named defendant in this action ever denied or delayed medical or dental treatment. The same analysis is true for the remaining claims. There is simply no

Report and Recommendation - 6

1  evidence that implicates any named defendant.  Defendants are entitled to summary judgment
2  based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition
3  attributable to the actions of any named defendant.  The defendants are entitled to summary
4  judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury.  Defendants motion for summary judgment should be **GRANTED.**  A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 13th, 2006**, as noted in the caption.

DATED this 20th day of December, 2005.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation  - 7