UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

  v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND RECOMMENDATION REGARDING INJUNCTIVE RELIEF

**NOTED FOR:**
**April 21st, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a request by plaintiff Darnell McGary asking that the court enter a "minute order". (Dkt. # 494). Mr. McGary asks the court to order the Special Commitment Center give Mr. McGary access to Prosser on Torts and a Black's law dictionary. (Dkt. # 494). He also asks the court to mandate the Special Commitment Center order law books. (Dkt. # 494).

    Finally, Mr. McGary asks the court to order Special Commitment Center staff "stay out of Mr. McGary's legal material secured or unsecured without his presence (per policy) this is already a directive. And if moved from one location to another he is to take his legal material with him, and keep it in his possession." (Dkt. # 494).

    Plaintiff's requests are clearly an attempt to obtain injunctive relief. The letter request

Report and Recommendation - 1

1 was properly placed on the court's calendar. Defendant's have responded and provided the

2 declaration of Becky Denny. (Dkt. # 498 and 499). Defendants argue:

> Mr. McGary resides on the Alder North living unit. Declaration of Becky Denny, ¶ 2. Alder North has two on-unit legal computers complete with legal resources including Westlaw's Premise application. Databases include the U.S. Supreme Court, 9th Circuit Court of Appeals, and Washington Court of Appeals and Supreme Court cases. SCC also has four copies of Black's Law Dictionary in its central library collection. *Id.* When not on unit restriction, Mr. McGary may spend a minimum of two hours a day off the living unit, which he may choose to spend in the central law library. *Id.*, ¶ 3. When on unit restriction, he may request the assistance of one of the Resident Advocates to obtain information from the central law library. *Id.* Finally, SCC staff does not disturb residents' legal papers without their presence. *Id.*, ¶ 4.

9 (Dkt. # 498, page 2). Defendants note that summary judgment is pending in this case and

10 plaintiff has no further legal research to do in this matter.

11 Plaintiff replies and acknowledges the existence of legal computers in the unit. (Dkt #

12 502). Plaintiff complains that the computers do not allow "quality time" for research. (Dkt, #

13 502).

## DISCUSSION

15 The basic function of injunctive relief is to preserve the status quo ante litem pending a

16 determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National

17 Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill

18 one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795

19 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

24 Id. (citations omitted).

25 Plaintiff fails to meet his burden of proof. There is no free standing right to a law library.

26 Access to courts may be fulfilled in a number of ways. This is an issue that has been litigated

28 Report and Recommendation - 2

1  extensively in a prison context.  While the court is cognizant of the fact that plaintiff is not a
2  prisoner, the analysis regarding an access to court issue is the same.  Plaintiff's constitutional
3  right to access the courts does not include the right to a law library or to legal assistance. Lewis
4  v. Casey, 518 U.S. 343, 350 (1996). "[P]rison law libraries and legal assistance programs are
5  not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to
6  present claimed violations of fundamental constitutional rights to the courts.'" Id. at 351,
7  (*quoting* Bounds v. Smith, 430 U.S. 817, 825 (1977)).  Plaintiff does not allege that he has no
8  legal access, merely that his access is limited.

9      Plaintiff fails to show injury and the motion should be **DENIED.**  A proposed order and
10  proposed judgment accompanies this Report and Recommendation.

11      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
12  Procedure, the parties shall have ten (10) days from service of this Report to file written
13  objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
14  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the
15  time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on
16  **April 21st, 2006**, as noted in the caption.

17
18      DATED this 16th day of March, 2006.

                                  Karen L. Strombom
                                  United States Magistrate Judge

28  Report and Recommendation - 3