UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

        Plaintiffs,

    v.

SELING,  *et al.*,

        Defendants.

Case No. C02-5242RBL

REPORT AND
RECOMMENDATION
REGARDING
BRIAN KUEHN

**NOTED FOR:
JULY 7th, 2006**

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is a summary judgment motion filed by defendants.  This Report and Recommendation deals only with the claims of Brian Kuehn.

<u>PROCEDURAL HISTORY</u>

      Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004.  (Dkt. # 195).  The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242).  On July 28th, 2004, defendants filed a memorandum specific to Mr. Kuehn.  (Dkt. # 338).  The memorandum and attached declarations addressed the mental health treatment available and issues specific to Mr. Kuehn.  (Dkt. # 338 and 339).

      Plaintiffs filed a single response to all the summary judgment motions.  (Dkt. # 404).

Report and Recommendation  - 1

1   While the court had authorized each plaintiff to file an over length brief, the court did not

2   authorize the filing of this document which contained over one thousand pages of briefing and

3   materials.

4         Plaintiff supports his response with a number of declarations.  (Dkt. # 405 through 421).

5   Plaintiff also submits his own declaration.  (Dkt. # 421). Defendants reply and note that none of

6   the information provided by plaintiff creates a genuine issue of material fact that implicates any

7   named defendant in this action.  (Dkt. # 400).

8                                    FACTS AND CLAIMS

9         This action is one in a series of legal actions regarding the Special Commitment Center

10  (SCC).  Plaintiffs challenge the mental health treatment provided and conditions of confinement.

11  The plaintiffs are all persons confined for mental health treatment.  The SCC is designed to treat

12  persons whose mental abnormalities or personality disorders make them likely to engage in

13  predatory acts of sexual violence.  (Dkt. # 229, page 3).

14        For over a decade the SCC operated under federal oversight as a result of injunctions

15  issued by the United States District Court in Seattle.  In 1991 the court found conditions of

16  confinement  unconstitutional and found the mental health treatment offered inadequate.  Turay

17  v. Seling, C91-0664RSM.  On June 19th, 2004 the court found the defendants in substantial

18  compliance and lifted the injunctions with one exception.  Turay v. Seling, C91-0664RSM (Dkt

19  # 1906).

20        This plaintiff, Mr. Kuehn, was first sent to the SCC as a person committed by stipulation

21  in April of 2000.  He arrived in June of 2000.  (Dkt. # 338, page 2).

22        Mr. Kuehn's Sexual Violent Predator, SVP, Evaluation Report diagnosis includes "Axis

23  I: Pedophilia Sexually Attracted to Males, Exclusive, Voyeurism, and Exhibitionism as well as

24  Alcohol Abuse (by history) and Cannabis abuse (by History): Axis II Personality Disorder, Not

25  otherwise Specified With Antisocial, Borderline, and Avoidant features."  (Dkt. # 339,

26  declaration of Carole DeMarco Ph.D. Attachment B, page 9).  Dr. Doren's September 28th,

27

28  Report and Recommendation  - 2

1    2001 Evaluation diagnosed  "Pedophiolia, Sexually Attracted to Males, Non Exclusive,

2    Exhibitionism; R/O Voyerism; Alcohol Dependence in a Controlled Environment; Cannabis

3    Dependence in a controlled Environment; R/O Cocaine Dependence; R/O Bipolar Disorder;

4    Axis II: Antisocial Personality Disorder."  (Dkt. # 339, declaration of Carole DeMarco Ph. D.

5    Attachment B. page 9).

6         Dr. DeMarco, in her declaration, states that in her professional opinion the treatment

7    available to plaintiff provides plaintiff with an opportunity to improve the conditions for which

8    he is committed.  (Dkt. # 339).  The Plaintiff has not contradicted the factual representations or

9    assertions made by defendants.

10        Defendants' motion for summary judgement is very specific.  Defendants seek summary

11   judgment because the complaint does not "accurately represent each plaintiff's claims, and

12   because **each plaintiff must demonstrate the merit of his own claims to go forward.**"  (Dkt.

13   # 229)(emphasis added).  Defendants ask for summary judgment based on the Eleventh

14   Amendment, qualified immunity, personal participation, and lack of a constitutional violation.

15   (Dkt. # 229, pages 18 through 37).  In essence, defendants argue that none of the plaintiffs can

16   show an injury of constitutional magnitude specific to that plaintiff.

17        In his declaration, plaintiff expresses his opinions regarding the differences between

18   treatment at the Twin Rivers Correction Center and the SCC.  Plaintiff provides no evidence to

19   show the treatment offered him is inadequate.  (Dkt. # 421).  Plaintiff also complains regarding

20   conditions of confinement including: the number of therapists he has had, the medical and dental

21   care he has received, and the taking of magazines.  (Dkt. # 338, Exhibit 1, deposition of Brian

22   Kuehn).

23        Defendants reply and note that Mr. Kuehn's opinion regarding the adequacy of

24   treatment, unsupported by expert testimony, does not create a genuine issue of material fact.

25   (Dkt. # 398, page 2).  Defendants systematically address each issue raised by Mr. Kuehn in

26   either his declaration or his deposition and show there is no genuine issue of fact precluding

27

28   Report and Recommendation  - 3

1    summary judgment.  (Dkt. # 398)

2           With regard to magazine denials it is uncontested the magazine in question contained

3    pictures of topless women.  (Dkt. # 398).  With regards to conditions of confinement defendants

4    note:

5           Mr. Kuehn also complains about the security at the new SCC facility.
     Kuehn Decl. ¶¶ 15, 16, 18, 19, 25, 27, 28. The conditions of confinement at SCC
6    are rationally related to Mr. Kuehn's confinement as an SVP. *See* Memorandum
     at III.I. (dkt. # 229); *see also Sharp*, 233 F.3d at 1172 (due process guarantees
7    plaintiff access to mental health treatment that provides him an opportunity to be
     cured or to improve the mental conditions for which he is confined). To avoid
8    dismissal, Mr. Kuehn must show that the conditions of his confinement are not
     reasonably related to its purpose. He fails to do so, and hence his claims fail as a
9    matter of law. For example, Mr. Kuehn complains about his ability to interact
     during recreation yard with residents from other units, Kuehn Decl. ¶¶ 19, 28,
10   but cites no authority for the proposition that he has a clearly established right to
     have recreation yard time at the same time as other specific residents. He does
11   not show that the specifics about which he complains are not reasonably related
     to his detention in a total confinement facility for violent sexual predators (*e.g.*,
12   surveillance cameras (¶ 26), security alarm doors (¶ 27), razor wire (¶ 19), the
     observation of staff intervention in response to disturbances requiring protective
13   devices (¶ 18), locked doors within the facility (¶ 16), schedules that may pose
     inconveniences to some residents some of the time, nor the right to smoke at any
14   time of the day or night (¶¶ 17, 25 ))

15          Mr. Kuehn does not have a constitutionally protected right to a grievance
     process that works a particular way or a process that gives him the answers that
16   he wants. In addition, Mr. Kuehn does not demonstrate that any named
     defendant participated in any of the grievances he filed or the underlying issues.
17   *See* Kuehn Decl. ¶¶ 22-23, and Attachments A-E. These attachments show that
     Mr. Kuehn received responses to his grievances dated the same day as his
18   grievance. Regarding medication refills, Mr. Kuehn provides one example where
     his requested refill of acetaminophen (Tylenol) was not approved by his health
19   care provider. *Id.* Attachment D. The grievance response was prompt and
     instructed him to sign up for sick call. *Id.* Regarding the medication refills in
20   Attachment E, he does not indicate that he ran out of medications or that he was
     refused at sick call. In any event, the institution responded promptly to his
21   grievance.

22          Finally, Mr. Kuehn presents a litany of unsupported conclusions in an
     apparent effort to manufacture a factual dispute. *See* Kuehn Decl. ¶ 8
23   (conclusions as to therapists' motivation); ¶¶ 9-10 (conclusions about jobs and
     vocational training without any statement about his own situation), ¶ 11
24   (conclusions about class scheduling without reference as to how that scheduling
     has affected him), and ¶ 27 (conclusion that door alarm could cause an epileptic
25   seizure in other residents). None of these conclusions satisfies Mr. Kuehn's
     burden to produce concrete evidence, without merely relying on allegations in
26   the pleadings, that there remain genuine factual issues warranting a trial.
     *Anderson*, 477 U.S. at 248. Moreover, to the extent Mr. Kuehn refers to

27

28   Report and Recommendation  - 4

complaints pertaining to <u>other</u> residents, he lacks standing to assert the alleged claims of another. *See Parratt v. Taylor*, 451 U.S. 527, 532 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986) (basic and fundamental to any 42 U.S.C. § 1983 action is an inquiry focusing on whether <u>plaintiff</u> has been denied a right of constitutional significance) (emphasis supplied).

Plaintiff places great weight on the findings of fact made in <u>Turay v. Seling</u>, and other cases without a showing that the findings apply to him. Thus, Mr. Kuehn continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners." (Dkt. # 404 page 6). Plaintiff has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary showing.

THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

Report and Recommendation  - 5

1   The determination of the existence of a material fact is often a close question. The court

2   must consider the substantive evidentiary burden that the nonmoving party must meet at trial,

3   e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W.

4   Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy

5   in favor of the nonmoving party only when the facts specifically attested by the party contradicts

6   facts specifically attested by the moving party. *Id.*

7   The nonmoving party may not merely state that it will discredit the moving party's

8   evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W.

9   Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific

10  statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v.

11  National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

12  In addition, the court is mindful that an action for injunctive relief focuses on whether

13  the combined acts or omissions of state officials violate a constitutional right or duty owed the

14  plaintiff. In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into

15  causation is more specific and focuses on that persons specific actions. Leer v. Murphy, 844 F.

16  2d. 628, 632 (9th Cir. 1988).

DISCUSSION

18  The plaintiffs' reliance on Turay is misplaced. The holdings do not equate to findings of

19  liability for damages against any named defendant because of the difference in standards of

20  proof between actions for injunctive relief and actions for damages. This difference was briefed

21  by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic
> quality, the mere invocation of which conjures a cause of action." Hoisington, et
> al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. #
> 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to
> identify a specific ruling from Turay that, for qualified immunity purposes, was
> sufficient to put defendants on notice that their conduct potentially violated
> plaintiffs' constitutional rights; or (2) they can point to a specific factual finding
> from Turay that could apply by way of collateral estoppel. In either case, each
> plaintiff must first show how a specific ruling or finding from Turay applies to his
> situation and establishes a violation of his constitutional rights. In doing so, each

28  Report and Recommendation  - 6

plaintiff must be aware that relief ordered in <u>Turay</u> does not represent the constitutional minimum. *See* <u>Sharp v. Weston</u>, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In <u>Sharp</u>, the Ninth Circuit specifically noted that Judge Dwyer's findings in <u>Turay</u> did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history.  The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

Mr. Kuehn was informed of the summary judgment standard.  (Dkt. # 195).  The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(Dkt. # 195). (emphasis in original order).  Mr. Kuehn has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct.  (Dkt. # 421 and 427).  By way of example he complains about medical and  dental care, but defendants show plaintiff receives treatment when he signs up for it and receives medication refills.  Further, plaintiff does not name either the medical or dental care providers as defendants in this action.  While he

Report and Recommendation  - 7

complains of his treatment he has not shown either personal participation or injury.  He does not make any allegation that a named defendant in this action ever denied or delayed medical or dental treatment.  The same analysis is true for the remaining claims.  There is simply no evidence that implicates any named defendant.  Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant.  The defendants are entitled to summary judgement as a matter of law.

<u>CONCLUSION</u>

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury.  Defendants motion for summary judgment should be **GRANTED.**  A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 7th, 2006**, as noted in the caption.

DATED this 6th day of June, 2006.


Karen L. Strombom
United States Magistrate Judge

Report and Recommendation  - 8