UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPELLO *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>SELING, *et al.*,<br><br>        Defendants. | Case No. C02-5242RBL<br><br>REPORT AND<br>RECOMMENDATION<br>REGARDING<br>CHARLES TILLMAN<br><br>**NOTED FOR:**<br>**JULY 7th, 2006** |

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Charles Tillman.

PROCEDURAL HISTORY

    Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 28th, 2004, defendants filed a memorandum specific to Mr. Tillman. (Dkt. # 334). The

Report and Recommendation - 1

memorandum and attached declarations addressed the mental health treatment available and issues specific to Mr. Tillman. (Dkt. # 334, 335).

Plaintiffs filed a single response to all the summary judgment motions. (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials.

Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421). Plaintiff also submits his own declaration with attachments. (Dkt. # 411). Defendants reply and note that none of the information provided by plaintiff creates a genuine issue of material fact that implicates any named defendant in this action. (Dkt. # 401).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement. The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence. (Dkt. # 229, page 3).

For over a decade the SCC operated under federal oversight as a result of injunctions issued by the United States District Court in Seattle. In 1991 the court found conditions of confinement unconstitutional and found the mental health treatment offered inadequate. Turay v. Seling, C91-0664RSM. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt # 1906).

This plaintiff, Mr. Tillman, was first sent to the SCC as a pre trail detainee in November of 2001 and was awaiting trial at the time defendants moved for summary judgement. (Dkt. # 334, page 2).

Mr. Tillman's Civil Commitment Evaluation diagnosis includes " Axis I: Paraphilia Not

Report and Recommendation - 2

Otherwise Specified, Non-consent; Exhibitionism; Alcohol Dependency in a controlled environment; Axis II: Personality Disorder Not Otherwise Specified with Antisocial and Narcissistic Traits." (Dkt. # 335, declaration of Holly R. Coryell, Attachment B, page 5)

Dr. Coryell, in her declaration, states that in her professional opinion the treatment available to plaintiff provides plaintiff with an opportunity to improve the conditions for which he is committed. (Dkt. # 335). The Plaintiff has not contradicted the factual representations or assertions made by defendants.

Mr. Tillman has participated in treatment to a limited extend but refuses to make disclosures concerning any "alleged overt act." (Dkt. # 335, declaration of Holly R. Coryell, Attachment B, page 3). At the time of his deposition plaintiff was at phase II and believed he was being moved to phase III of treatment. (Dkt. # 334, Exhibit 1, deposition of Charles Tillman, page 6). After his deposition Mr. Tillman submitted a declaration in which he states that he participated in treatment for the first 15 months he was at the SCC, but, has since "dropped out." (Dkt. # 411, page 2).

Defendants' motion for summary judgement is very specific. Defendants seek summary judgment because the complaint does not "accurately represent each plaintiff's claims, and because **each plaintiff must demonstrate the merit of his own claims to go forward.**" (Dkt. # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation. (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can show an injury of constitutional magnitude specific to that plaintiff.

In his declaration, plaintiff explains his reasons for dropping out of treatment. (Dkt. # 411). Nowhere in the declaration does plaintiff mention any action taken by any named defendant in this suit. The named defendants are Mark Seling, Robert Smith, Vince Gollogly, Lyle Quasim, and Dennis Braddock. Mark Seling is the former Superintendent of the SCC. Robert Smith is a former clinical director of the SCC. Lyle Quasim is the former Secretary of

Report and Recommendation - 3

1  the Department of Social and Health Services and Dennis Bradock is the current Secretary.
2  Vince Gollogly is the current clinical director of the SCC.

3  Defendants show that Mr. Quasim and Mr. Smith left their employment at SCC prior to
4  plaintiff Tillman arriving at the facility. Thus, plaintiff cannot show that any action taken by
5  these two defendants denied plaintiff any constitutional right.

6  Plaintiff provides no evidence to show the treatment offered him is inadequate. (Dkt. #
7  411). Plaintiff complains regarding: Behavior Management Reports written against him that
8  were later dismissed on appeal or at hearing, a therapist allegedly entering incorrect information
9  regarding his diagnosis, not being advanced to a higher phase of treatment, and problems he has
10 had in obtaining medical treatment. (Dkt. # 411).

11 Defendants respond to each issue and show lack of personal participation. Defendants
12 also show issues, such as search of a computer, or medial treatment, did not involve a
13 constitutional violation. (Dkt. # 401).

14 With regard to medical treatment defendants show that plaintiff did not appear for three
15 scheduled appointments. He was seen August 4th, 2004 at which time a podiatrist performed a
16 "minor procedure" and did not recommend further treatment. (Dkt. 3 401). Again, plaintiff
17 fails to show how any named defendant participated in his medical treatment.

18 Defendants note:

19 Mr. Tillman provides no facts to show that Drs. Gollogly or Seling personally participated in an alleged constitutional violation. Defendants Quasim
20 and Smith left their positions before Mr. Tillman arrived at the SCC. Declaration of Beverly Wilson ¶¶ 2, 5 (dkt. #242); Tillman Dep. at 8 (dkt. # 334, Ex. 1). Mr.
21 Quasim and Dr. Smith, therefore, could not personally have participated in any alleged violation of Mr. Tillman's rights. See Memorandum ¶ III.C.3. (dkt. #
22 229). Accordingly, the Court should dismiss all claims as to the defendants in their personal capacities. See Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.
23 1988).

24 Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other
25 cases without a showing that the findings apply to him. Thus, Mr. Tillman continues to argue
26 this action in the abstract. By way of example, he argues damages are "best weighed by

28 Report and Recommendation - 4

1  everyday spent without constitutionally adequate mental health treatment and more considerate
2  conditions of confinement than prisoners." (Dkt. # 404 page 6).  Plaintiff has no evidence to
3  support his assertions that the treatment offered him is in any was inadequate.  Plaintiff's
4  response does not meet the requirement of a specific evidentiary showing.  Further, plaintiff fails
5  to show that any named defendant played any part in the alleged constitutional violations.

## THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts

Report and Recommendation - 5

facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630.(relying on <u>Anderson</u>, <u>supra</u>). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

In addition, the court is mindful that an action for injunctive relief focuses on whether the combined acts or omissions of state officials violate a constitutional right or duty owed the plaintiff. In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into causation is more specific and focuses on that persons specific actions. <u>Leer v. Murphy</u>, 844 F. 2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

The plaintiffs' reliance on <u>Turay</u> is misplaced. The holdings do not equate to findings of liability for damages against any named defendant because of the difference in standards of proof between actions for injunctive relief and actions for damages. This difference was briefed by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." <u>Hoisington, et al. v. Seling, et al.</u>, No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). <u>Turay</u> is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from <u>Turay</u> that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from <u>Turay</u> that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from <u>Turay</u> applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in <u>Turay</u> does not represent the constitutional minimum. *See* <u>Sharp v. Weston</u>, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In <u>Sharp</u>, the Ninth Circuit specifically noted that Judge Dwyer's findings in <u>Turay</u> did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

Report and Recommendation - 6

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. Tillman was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.** Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(Dkt. # 195). (emphasis in original order). Mr. Tillman has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct. (Dkt. # 411). While he complains of his treatment he has not shown either personal participation or injury. He does not make any allegation that a named defendant in this action ever denied or delayed medical treatment. The same analysis is true for the remaining claims. There is simply no evidence that implicates any named defendant. Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant. The defendants are entitled to summary judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a

Report and Recommendation - 7

any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 7th, 2006**, as noted in the caption.

DATED this 9th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 8