1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

        Plaintiffs,

     v.

SELING,  *et al.*,

        Defendants.

Case No. C02-5242RBL

REPORT AND
RECOMMENDATION
REGARDING
LOU BROCK

**NOTED FOR:**
**JULY 14th, 2006**

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is a summary judgment motion filed by defendants.  This Report and Recommendation deals only with the claims of Lou Brock.

<u>PROCEDURAL HISTORY</u>

      Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004.  (Dkt. # 195).  The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242).  On July 28th, 2004, defendants filed a memorandum specific to Mr. Brock.  (Dkt. # 336).  The memorandum

Report and Recommendation  - 1

1  and attached declarations addressed the mental health treatment available and issues specific to

2  Mr. Brock.  (Dkt. # 336 and 337).

3      Plaintiffs filed a single response to all the summary judgment motions.  (Dkt. # 404).

4  While the court had authorized each plaintiff to file an over length brief, the court did not

5  authorize the filing of this document which contained over one thousand pages of briefing and

6  materials.

7      Plaintiff supports his response with a number of declarations.  (Dkt. # 405 through 421).

8  Plaintiff also submits his own declaration.  (Dkt. # 417). Defendants reply and note that none of

9  the information provided by plaintiff creates a genuine issue of material fact that implicates any

10  named defendant in this action.  (Dkt. # 391).

11                              FACTS AND CLAIMS

12      This action is one in a series of legal actions regarding the Special Commitment Center

13  (SCC).  Plaintiffs challenge the mental health treatment provided and conditions of confinement.

14  The plaintiffs are all persons confined for mental health treatment.  The SCC is designed to treat

15  persons whose mental abnormalities or personality disorders make them likely to engage in

16  predatory acts of sexual violence.  (Dkt. # 229, page 3).

17      For over a decade the SCC operated under federal oversight as a result of injunctions

18  issued by the United States District Court in Seattle.  In 1991 the court found conditions of

19  confinement  unconstitutional and found the mental health treatment offered inadequate.  Turay

20  v. Seling, C91-0664RSM.  On June 19th, 2004 the court found the defendants in substantial

21  compliance and lifted the injunctions with one exception.  Turay v. Seling, C91-0664RSM (Dkt

22  # 1906).

23      This plaintiff, Mr. Brock, was first sent to the SCC as a pre trail detainee in March of

24  1991.  He was committed in November of 1991.  (Dkt. # 336, page 2).

25      Mr. Brock's Civil Commitment Evaluation diagnosis includes "Paraphilia Not Otherwise

26  Specified-Rape, Rule out Sexual Sadism, Alcohol Dependence, in remission since

27

28  Report and Recommendation  - 2

1    incarceration[1], and Antisocial Personality Disorder.  (Dkt. # 337, Declaration of Daniel

2    Yanisch, Attachment B, page 4).

3          Mr. Yanisch, in his declaration, states that in his professional opinion the treatment

4    available to plaintiff provides plaintiff with an opportunity to improve the conditions for which

5    he is committed.  (Dkt. # 337).  The Plaintiff has not contradicted the factual representations or

6    assertions made by defendants.

7          Mr. Brock has participated in treatment sporadically over the last 15 years.  He has

8    never progressed beyond phase II and left treatment for a number of years because he was not

9    promoted to Phase III.  (Dkt. # 336, Exhibit 1, Deposition of Lou Brock).

10         Defendants' motion for summary judgement is very specific.  Defendants seek summary

11   judgment because the complaint does not "accurately represent each plaintiff's claims, and

12   because **each plaintiff must demonstrate the merit of his own claims to go forward.**"  (Dkt.

13   # 229)(emphasis added).  Defendants ask for summary judgment based on the Eleventh

14   Amendment, qualified immunity, personal participation, and lack of a constitutional violation.

15   (Dkt. # 229, pages 18 through 37).  In essence, defendants argue that none of the plaintiffs can

16   show an injury of constitutional magnitude specific to that plaintiff.

17         In his declaration, plaintiff expresses his opinions regarding treatment at the SCC.

18   Plaintiff provides no evidence to show the treatment offered him is inadequate.  (Dkt. # 417).

19   Plaintiff indicates that he has been denied treatment for three years from 2000 to 2003 but the

20   record clearly shows treatment is available, but treating staff at the SCC refuse to promote

21   plaintiff to level III and plaintiff refuses treatment without being promoted to level III.  (Dkt. #

22   391, Exhibit 4, Excerpt from the deposition of Lou Brock, deposition pages 58 to 61).  Thus, it

23   is plaintiff's refusal to engage in treatment without having his demands met that has prevented

24   treatment, not a refusal to treat.  One of the issues preventing promotion is plaintiff's refusal to

25   _____

26         [1]      While the diagnosis indicates the Alcohol Dependency is in remission due to
     incarceration Mr. Brock testified to making "pruno" for self use as often as one batch every 72
27   hours while incarcerated. (Dkt. # 336, Exhibit 1).

28   Report and Recommendation  - 3

1    acknowledge his crimes as sexual in nature.  (Dkt #. 417, page 2).

2         In his declaration plaintiff argues some classes are not being taught in a professional

3    manner and some instructors are arbitrary in grading or advancing residents.  Plaintiff alleges

4    that information written about him by staff may be inaccurate or false. Plaintiff does not

5    implicate any named defendant in his allegations.  (Dkt. # 417).

6         Defendants reply and note that Mr. Brock's opinion regarding the adequacy of

7    treatment, unsupported by expert testimony, does not create a genuine issue of material fact.

8    (Dkt. # 391).  Defendants systematically address each issue raised by Mr. Brock in either his

9    declaration or his deposition and show there is no genuine issue of fact precluding summary

10   judgment.  (Dkt. # 391)

11        Defendants note:

12             Mr. Brock states that several false statements have been made regarding
             him that have damaged him in some way. These allegations include false
13           information in his annual review reports, allegations by Mark Davis (an SCC
             employee) that he reported drug smuggling into the institution, and an accusation
14           that he was becoming too interested in his Native American counselor. Brock
             Decl. at 4-6. Notably, none of the people he accuses of making false statements,
15           Regina Harrington, Mark Davis, and Jack Sowers, are defendants in this matter.
             *Id.* A § 1983 claim cannot be based on a theory of supervisory liability. *Monell v.*
16           *New York City Dep't of Social Servs.*, 436 U.S. 658, 690-94 (1978). Thus, these
             claims should be dismissed.
17
18   (Dkt. # 391, page 5).  Further, Defendants note:

19             Mr. Brock provides no facts to show that Drs. Seling or Smith, or
             Defendants Quasim and Braddock personally participated in any alleged
20           constitutional violation. The only allegation of constitutional violation is against
             Vince Gollogly for failing to promote him to Phase III. Brock Decl. at 2-3. The
21           evidence shows that the denial of advancement was proper as Mr. Brock has
             failed to satisfy the necessary requirements. *See* supra I.A. Accordingly, the
22           Court should dismiss all claims as to the defendants in their personal capacities.
             *See Leer*, 844 F.2d at 632-33.

23   (Dkt. # 391, page 6).

24        Mr. Brock provides no facts to show that defendants personally participated in a

25   constitutional violation.  Plaintiff places great weight on the findings of fact made in <u>Turay v.</u>

26   <u>Seling</u>, and other cases without a showing that the findings apply to him.  Thus, Mr. Brock

27

28   Report and Recommendation  - 4

1  continues to argue this action in the abstract.  By way of example, he argues damages are "best

2  weighed by everyday spent without constitutionally adequate mental health treatment and more

3  considerate conditions of confinement than prisoners."  (Dkt. # 404 page 6).  Plaintiff has no

4  evidence to support his assertions that the treatment offered him is in any was inadequate.

5  Plaintiff's response does not meet the requirement of a specific evidentiary showing.  Further,

6  plaintiff fails to show that any named defendant played any part in the alleged constitutional

7  violations.

8                              THE STANDARD

9         Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the

10  pleadings, depositions, answers to interrogatories, and admissions on file, together with

11  affidavits, if any, show that there is no genuine issue of material fact and that the moving party

12  is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  The moving party is entitled

13  to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on

14  an essential element of a claim on which the nonmoving party has the burden of proof.  Celotex

15  Corp. v. Catrett, 477 U.S. 317, 323 (1985).

16         There is no genuine issue of fact for trial where the record, taken as a whole, could not

17  lead a rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v.

18  Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific,

19  significant probative evidence, not simply "some metaphysical doubt.").  See also Fed. R. Civ.

20  P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

21  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions

22  of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service

23  Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

24         The determination of the existence of a material fact is often a close question.  The court

25  must consider the substantive evidentiary burden that the nonmoving party must meet at trial,

26  e.g. the preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W.

27

28  Report and Recommendation  - 5

1  Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy

2  in favor of the nonmoving party only when the facts specifically attested by the party contradicts

3  facts specifically attested by the moving party. Id.

4      The nonmoving party may not merely state that it will discredit the moving party's

5  evidence at trial, in hopes that evidence can be developed at trial to support the claim.  T.W.

6  Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra).  Conclusory, nonspecific

7  statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v.

8  National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

9      In addition, the court is mindful that an action for injunctive relief focuses on whether

10  the combined acts or omissions of state officials violate a constitutional right or duty owed the

11  plaintiff.  In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into

12  causation is more specific and focuses on that persons specific actions.  Leer v. Murphy, 844 F.

13  2d. 628, 632 (9th Cir. 1988).

14  <u>DISCUSSION</u>

15      The plaintiffs' reliance on Turay is misplaced.  The holdings do not equate to findings of

16  liability for damages against any named defendant because of the difference in standards of

17  proof between actions for injunctive relief and actions for damages.  This difference was briefed

18  by defendants who stated:

19          As Judge Leighton explained in a similar case: "Turay has no talismanic
           quality, the mere invocation of which conjures a cause of action." Hoisington, et
20         al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. #
           189). Turay is of assistance to plaintiffs in this case only if (1) they are able to
21         identify a specific ruling from Turay that, for qualified immunity purposes, was
           sufficient to put defendants on notice that their conduct potentially violated
22         plaintiffs' constitutional rights; or (2) they can point to a specific factual finding
           from Turay that could apply by way of collateral estoppel. In either case, each
23         plaintiff must first show how a specific ruling or finding from Turay applies to his
           situation and establishes a violation of his constitutional rights. In doing so, each
24         plaintiff must be aware that relief ordered in Turay does not represent the
           constitutional minimum. See Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir.
25         2000) ("A court may order 'relief that the Constitution would not of its own
           force initially require if such relief is necessary to remedy a constitutional
26         violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's
           findings in Turay did not imply the existence of constitutional rights. Thus, for

27

28  Report and Recommendation  - 6

example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. Brock was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.** Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(Dkt. # 195). (emphasis in original order). Mr. Brock has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct. (Dkt. # 421 and 415). He complains about medical care and treatment promotions, but defendants show plaintiff receives treatment when he asks for it and there are no conditions on his treatment. By way of example, plaintiff was originally not treated for his Hepatitis C because of his refusal to stop drinking. (Dkt. # 336, page 5). With regard to mental health treatment, plaintiff's refuses treatment without a promotion to Phase III, but plaintiff has not meet care providers requirements for advancement. Further, plaintiff has not shown any constitutional violation regarding the

Report and Recommendation  - 7

conduct of any named defendant. While he complains of his treatment he has not shown either personal participation or injury. He does not substantiate any allegation that a named defendant in this action ever denied or delayed medical or dental treatment. The same analysis is true for the remaining claims. There is simply no evidence that implicates any named defendant. Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant. The defendants are entitled to summary judgement as a matter of law.

<u>CONCLUSION</u>

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 14th, 2006**, as noted in the caption.

DATED this 12th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation  - 8