UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPELLO *et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>SELING, *et al.*,<br><br>         Defendants. | Case No. C02-5242RBL<br><br>REPORT AND RECOMMENDATION REGARDING BURT DANIELS<br><br>**NOTED FOR:**<br>**JULY 14th, 2006** |

   This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Burt Daniels.

PROCEDURAL HISTORY

   Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 27th, 2004, defendants filed a memorandum specific to Mr. Daniels. (Dkt. # 322). The memorandum

Report and Recommendation - 1

1  and attached declarations addressed the mental health treatment available and issues specific to
2  Mr. Daniels.  (Dkt. # 322, and 323).

Plaintiffs filed a single response to all the summary judgment motions.  (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials.

Plaintiff supports his response with a number of declarations.  (Dkt. # 405 through 421). Plaintiff also submits his own declaration with attachments.  (Dkt. # 420).  Defendants reply and argue none of the information provided by plaintiff creates a genuine issue of material fact that implicates any named defendant in this action.  (Dkt. # 403).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center (SCC).  Plaintiffs challenge the mental health treatment provided and conditions of confinement. The plaintiffs are all persons confined for mental health treatment.  The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence.  (Dkt. # 229, page 3).

For over a decade the SCC operated under federal oversight as a result of injunctions issued by the United States District Court in Seattle.  In 1991 the court found conditions of confinement  unconstitutional and found the mental health treatment offered inadequate.  Turay v. Seling, C91-0664RSM.  On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception.  Turay v. Seling, C91-0664RSM (Dkt # 1906).

This plaintiff, Mr. Daniels, was first sent to the SCC as a pre-trail detainee in June of 2000 and was civilly committed March 25th, 2003.  (Dkt. # 322, page 2).

Mr. Daniel's predicate offenses are six counts of first degree rape.  Mr. Daniels Civil Commitment Evaluation diagnosis includes " Axis I: Paraphilia Not Otherwise Specified, Non-

Report and Recommendation  - 2

1  consent; Polysubstance abuse in a controlled environment, and Personality Disorder Not
2  otherwise Specified (with Antisocial and Narcissistic Traits).  (Dkt. # 323, Declaration of Daniel
3  Yanisch, Attachment B, page 4).

4  Mr. Yanisch, in his declaration, states that in his professional opinion the treatment
5  available to plaintiff provides plaintiff with an opportunity to improve the conditions for which
6  he is committed.  (Dkt. # 323).  The Plaintiff has not contradicted the factual representations or
7  assertions made by defendants.

8  Mr. Daniels has participated in treatment and advanced from phase I to phase III
9  quickly.  He remained at phase III for a number of years and he blames his failure to advance on
10 the actions of a number of forensic therapists.  Plaintiff singles out two therapist, John Rockwell
11 and Steve Hawley.  This is Mr. Daniels only complaint.

12 Mr. Daniels complains these two therapists made him re-take classes he had passed,
13 failed him in classes he was not enrolled in, and wrote false information into his file.  He
14 complains the Vince Gollogly did not properly address the situation.  Thus, this is the first
15 plaintiff in this action to tie any of his complaints to a named defendant.

16 Plaintiff's issues with Steve Hawley surround Mr. Hawley giving plaintiff a grade in a
17 class plaintiff was not enrolled in and an allegation that Steve Hawley stamped a "racist"
18 insignia on some of plaintiff's paper work.  Dr. Gollogly instructed his subordinates to
19 investigate both complaints.

20 Plaintiff was not enrolled in Victim Awareness in the last trimester of 2000.  Despite his
21 not being enrolled he and the instructor, Mr. Hawley, agreed that plaintiff could benefit from the
22 class.  Plaintiff received a grade sheet indicating he attended six of the nine classes and had one
23 excused absence.  (Dkt. # 420, page 25).  The grade sheet clearly states "Mr. Daniels audited
24 this class as he was erroneously placed in it and was later moved to another class."  Mr. Daniels
25 objected to the low marks for Participation, Homework Assignments, and mastery of subject
26 matter that he received.  There are two grading sheets in the e
27
28 Report and Recommendation  - 3

1  xhibits provided by Mr. Daniels. The second sheet has a stamp of a cow's head and in a circle
2  around the stamp it says "CERTIFIED 100 PERCENT PURE BULL." (Dkt. # 420, page 26).
3  This stamp is the "racists" stamp in plaintiff complaint. Dr. Gollogy had the situation
4  investigated and then had the grade sheet pulled from plaintiff's records.

5  Plaintiff complains that Mr. Rockwell made false statements in written paperwork Again
6  Dr. Gollogy had the situation investigated and he discussed the issue with Mr. Daniels treatment
7  team. Dr. Gollogy assigned plaintiff a new therapist. (Dkt. # 403).

8  Defendants' motion for summary judgement is very specific. Defendants seek summary
9  judgment because the complaint does not "accurately represent each plaintiff's claims, and
10 because **each plaintiff must demonstrate the merit of his own claims to go forward.**" (Dkt.
11 # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh
12 Amendment, qualified immunity, personal participation, and lack of a constitutional violation.
13 (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can
14 show an injury of constitutional magnitude specific to that plaintiff.

15 The named defendants are Mark Seling, Robert Smith, Vince Gollogly, Lyle Quasim,
16 and Dennis Braddock. Mark Seling is the former Superintendent of the SCC. Robert Smith is a
17 former clinical director of the SCC. Lyle Quasim is the former Secretary of the Department of
18 Social and Health Services and Dennis Bradock is the current Secretary. Vince Gollogly is the
19 current clinical director of the SCC.

20 Plaintiff provides no evidence to show the treatment offered him is inadequate. (Dkt. #
21 411). Plaintiff's complaint that the stamp placed on his report sheet from Mr. Hawley is racist
22 is patently frivolous. Further, neither the report nor its contents implicate any named defendant.
23 Dr. Gollogy's response to the issue, removal of the grade from the file, was appropriate.

24 Plaintiff's complaints concerning Mr. Rockwell's entries are based on impressions that
25 are subjective and not objective. Again, the actions of Mr. Rockwell do not implicate any
26 named defendant and when asked to do so Dr. Gollogy assigned plaintiff to a new therapist.

27
28 Report and Recommendation - 4

Plaintiff places great weight on the findings of fact made in <u>Turay v. Seling</u>, and other cases without a showing that the findings apply to him. Thus, Mr. Daniels continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners." (Dkt. # 404 page 6). Plaintiff has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary showing. Further, plaintiff fails to show that any named defendant played any part in the alleged constitutional violations.

## THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial,

Report and Recommendation - 5

1  e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W.
2  Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy
3  in favor of the nonmoving party only when the facts specifically attested by the party contradicts
4  facts specifically attested by the moving party. *Id.*

5  The nonmoving party may not merely state that it will discredit the moving party's
6  evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W.
7  Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra).  Conclusory, nonspecific
8  statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v.
9  National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

10  In addition, the court is mindful that an action for injunctive relief focuses on whether
11  the combined acts or omissions of state officials violate a constitutional right or duty owed the
12  plaintiff.  In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into
13  causation is more specific and focuses on that persons specific actions.  Leer v. Murphy, 844 F.
14  2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

16  The plaintiffs' reliance on Turay is misplaced.  The holdings do not equate to findings of
17  liability for damages against any named defendant because of the difference in standards of
18  proof between actions for injunctive relief and actions for damages.  This difference was briefed
19  by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. *See* Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional

28  Report and Recommendation  - 6

violation.'"). In <u>Sharp</u>, the Ninth Circuit specifically noted that Judge Dwyer's findings in <u>Turay</u> did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

Mr. Daniels was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.** <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(Dkt. # 195). (emphasis in original order). Mr. Daniels has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant.

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir.), <u>cert. denied</u>, 469 U.S. 845 (1984).

This is the showing plaintiff fails to make. The only defendant implicated at all is Dr. Gollogly. The record does not show he authorized or knowingly acquiesced to unconstitutional conduct. Defendants are entitled to summary judgment based on this plaintiffs lack of evidence

Report and Recommendation - 7

that he was subjected to any unconstitutional condition attributable to the actions of any named defendant. The defendants are entitled to summary judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 14th, 2006**, as noted in the caption.

DATED this 12th day of June, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 8