UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPELLO *et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>SELING, *et al.*,<br><br>         Defendants. | Case No. C02-5242RBL<br><br>REPORT AND<br>RECOMMENDATION<br>REGARDING<br>GARY YOUNG<br><br>**NOTED FOR:**<br>**JULY 14th, 2006** |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Gary Young.

PROCEDURAL HISTORY

Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 28th, 2004, defendants filed a memorandum specific to Mr. Young. (Dkt. # 340). The memorandum

Report and Recommendation - 1

and attached declarations addressed the mental health treatment available and issues specific to Mr. Young. (Dkt. # 340 and 341).

Plaintiffs filed a single response to all the summary judgment motions. (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials.

Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421). Plaintiff also submits his own declaration. (Dkt. # 408). Defendants reply and note that none of the information provided by plaintiff creates a genuine issue of material fact that implicates any named defendant in this action. (Dkt. # 386).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement. The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence. (Dkt. # 229, page 3).

For over a decade the SCC operated under federal oversight as a result of injunctions issued by the United States District Court in Seattle. In 1991 the court found conditions of confinement unconstitutional and found the mental health treatment offered inadequate. Turay v. Seling, C91-0664RSM. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt # 1906).

This plaintiff, Mr. Young, was first sent to the SCC as a pre-trail detainee in December of 2001. (Dkt. # 340, page 2). He was committed in July of 2003. (Dkt. # 408, page 2).

Mr. Young's Civil Commitment Evaluation diagnosis includes "Paraphilia Not Otherwise Specified , and Antisocial Personality Disorder. (Dkt. # 341, Declaration of Paul

Report and Recommendation - 2

Spizman, Attachment B, page 3).  There are also a number of references to Mr. Young suffering from Post Traumatic Stress Disorder.  (Dkt. # 341, Declaration of Paul Spizman, Attachment B, page 4).

Mr. Spizman, in his declaration, states that in his professional opinion the treatment available to plaintiff provides plaintiff with an opportunity to improve the conditions for which he is committed.  (Dkt. # 341).  The Plaintiff has not contradicted the factual representations or assertions made by defendants.

Mr. Young participated in treatment for one trimester in 2001 when he first arrived.  He was placed in phase II because of prior treatment he had received.  He withdrew his consent to treatment and has not participate in treatment since 2001.  (Dkt. # 340, Exhibits 4 through 6).

Defendants' motion for summary judgement is very specific.  Defendants seek summary judgment because the complaint does not "accurately represent each plaintiff's claims, and because **each plaintiff must demonstrate the merit of his own claims to go forward.**"  (Dkt. # 229)(emphasis added).  Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation. (Dkt. # 229, pages 18 through 37).  In essence, defendants argue that none of the plaintiffs can show an injury of constitutional magnitude specific to that plaintiff.

Plaintiff expresses his opinions regarding treatment at the SCC.  Plaintiff provides no evidence to show the treatment offered him is inadequate.  (Dkt. # 408).  Plaintiff challenges the constitutionality of the treatment provided and his conditions of confinement but does not show that any named defendants played any part in any alleged violation.

Two of the named defendants, Lyle Quasim and Robert Smith left their employment at the SCC prior to plaintiffs arrival.  Lyle Quasim left his position as Secretary of the Department of Social and Health Services in 2000. Dr. Smith left his position as Clinical Director at SCC in 1999. (Dkt. # 340. Page 7).

In his deposition and declaration plaintiff argues staff and the administration give

Report and Recommendation  - 3

contradictory "feedback." He complains he was forced to attend classes with people who were learning impaired and that movement controlled by the Department of Corrections interferes with treatment. He also complains of DOC oversight for visitors. (Dkt. # 340, page 3). Plaintiff fails to implicate any named defendant

Defendants reply and note that Mr. Young's opinion regarding the adequacy of treatment, unsupported by expert testimony, does not create a genuine issue of material fact. (Dkt. # 386). Defendants systematically address each issue raised by Mr. Young in either his declaration or his deposition and show there is no genuine issue of fact precluding summary judgment. (Dkt. # 391)

Defendants note:

> Mr. Young provides no facts to show that defendants Gollogly or Seling personally participated in a constitutional violation. Defendants further have shown that defendants Quasim and Smith left their positions before Mr. Young arrived at the SCC. Declaration of Beverly Wilson ¶¶ 2, 5 (dkt. # 242); Young Dep. at 4 (dkt. #340, Ex. 9). Mr. Quasim and Dr. Smith, therefore, could not personally have participated in any alleged violation of Mr. Young's rights. See Memorandum ¶ III.C.3. (dkt. #229). Accordingly, the Court should dismiss all claims as to the defendants in their personal capacities. *See Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

(Dkt. # 386, page 4 and 5).

Mr. Young provides no facts to show that defendants personally participated in a constitutional violation. Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other cases without a showing that the findings apply to him. Thus, Mr. Young continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners." (Dkt. # 404 page 6). Plaintiff has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary showing. Further, plaintiff fails to show that any named defendant played any part in the alleged constitutional violations.

Report and Recommendation - 4

THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v.

Report and Recommendation - 5

1  National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

2      In addition, the court is mindful that an action for injunctive relief focuses on whether
3  the combined acts or omissions of state officials violate a constitutional right or duty owed the
4  plaintiff.  In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into
5  causation is more specific and focuses on that persons specific actions.  Leer v. Murphy, 844 F.
6  2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

8      The plaintiffs' reliance on Turay is misplaced.  The holdings do not equate to findings of
9  liability for damages against any named defendant because of the difference in standards of
10 proof between actions for injunctive relief and actions for damages.  This difference was briefed
11 by defendants who stated:

12     As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. See Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's findings in Turay did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

22 (Dkt. # 229, pages 21 and 22).

23     The defendants filed a separate motion for summary judgment for each plaintiff that sets
24 forth the treatment provided or available to that person and that persons factual history.  The
25 summary judgement standard requires a plaintiff to "present specific, significant probative
26 evidence.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

28 Report and Recommendation  - 6

Mr. Young was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.** Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

(Dkt. # 195). (emphasis in original order). Mr. Young has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct. (Dkt. # 408). He complains of his housing assignment, the type of treatment available, and contact with Department of Corrections personnel. With regard to mental health treatment, plaintiff refuses treatment, but defendants have placed the expert testimony of a mental health care provider before the court indicating the treatment provides a chance for plaintiff to better his mental condition and plaintiff has not contradicted that assertion in any meaningful way. Further, plaintiff has not shown any constitutional violation regarding the conduct of any named defendant.

While he complains of his conditions he has not shown either personal participation or injury. The same analysis is true for the remaining claims. There is simply no evidence that implicates any named defendant. Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant. The defendants are entitled to summary judgement as a matter of law.

## CONCLUSION

Report and Recommendation - 7

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 14th, 2006**, as noted in the caption.

DATED this 14th day of June, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 8