UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND
RECOMMENDATION
REGARDING
BERNARD THORELL

**NOTED FOR:**
July 14th 2006

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Bernard Thorell.

<u>PROCEDURAL HISTORY</u>

    Defendant's filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were all supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 20th, 2004, defendants filed a memorandum specific to Mr. Thorell. (Dkt. # 301). The memorandum and attached declaration set forth the mental health treatment available and issues specific to Mr. Thorell. (Dkt. # 301 and 302).

    On August 11th, 2004 plaintiffs filed a single response to all the summary judgment

Report and Recommendation - 1

motions. (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials. It has taken a considerable amount of time, but, the court has considered the briefing filed.

Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421). None of the briefing is specific to Mr. Thorell. The defendants "reply" urges the court to grant summary judgement as plaintiff Thorell has failed to submit any specific evidence showing a genuine issue of material fact. (Dkt. # 387).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement. The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence. (Dkt. # 229 page 3).

For over a decade the SCC has operated under federal oversight as a result of injunctions issued by the United States District Court in Seattle. The court found the conditions of confinement in 1991 unconstitutional and found the mental health treatment offered at that point in time to be inadequate. <u>Turay v. Seling</u>, C91-0664RSM. There have been high and low points during the years of oversight including findings of contempt, and findings that portions of the injunction had been fulfilled. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. <u>Turay v. Seling</u>, C91-0664RSM (Dkt # 1906).

This plaintiff, Mr. Thorell, was first sent to the SCC as a pre-trial detainee in 1996 and he was committed in 1997. His criminal conviction history includes: juvenile indecent exposure in 1956, breaking and entering and indecent exposure in 1956, indecent exposure 1965, indecent exposure 1974, and indecent liberties in 1979. (Dkt. # 301). Plaintiff is in his sixties and has

Report and Recommendation - 2

spent all but six or seven of the last forty years in state custody. (Dkt. # 301, page 2). Plaintiff has been at the SCC since May of 1996.

At one point in time plaintiff agreed to treatment and signed forms authorizing treatment. (Dkt. # 301, page 3). Plaintiff engaged in minimal treatment from 1999 to 2002. (Dkt. # 301, page 3). The stated reason for plaintiff leaving treatment was the depression caused by having to relive or "having to drag things up out of the past over and over again." Mr. Thorell has indicated he does not intend to ever re-enter treatment. (Dkt # 301, page 3).

Mr. Thorell's diagnosis includes, pedophilia, attracted to both, nonexclusive type paraphilia, not otherwise specified (nonconsent); alcohol abuse, in a controlled environment; noncompliance with treatment; voyeurism, by history; exhibitionism; major depressive disorder, by history; antisocial personality disorder, and avoidant personality disorder. (Dkt. # 301, page 2). Plaintiff admits treatment is available and that he could reenter treatment at any time. (Dkt. # 301, Exhibit 1, page 6, Deposition, page 21).

The defendants submitted the declaration of Jason Dunham, a licensed psychologist. The declaration states that the treatment available to plaintiff provides plaintiff with an opportunity to improve the conditions for which he is committed. (Dkt. # 302). The Plaintiff has not contradicted the factual representations or assertions made by defendants.

Defendants' motion for summary judgement is very specific. Defendants seek summary judgment because the complaint does not "accurately represent each plaintiff's claims, and because **each plaintiff must demonstrate the merit of his own claims to go forward**". (Dkt. # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation. (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can show an injury of constitutional magnitude specific to that plaintiff.

Unlike the majority of the other plaintiffs in this action Mr. Thorell has been a party in two prior suits regarding conditions of confinement at the SCC. Mr. Thorell has entered into

Report and Recommendation - 3

settlement agreements in <u>Davenport v. Seling</u>, CV97-1166Z and <u>St. Germaine v. Braddock</u>, CV99-5134JKA. Significantly, plaintiff was unable to articulate a single claim of constitutional magnitude, involving a named defendant in this action, that was not covered by the settlements in his prior cases. (Dkt. # 301, page 4 and 5).

Plaintiff places great weight on the findings of fact made in <u>Turay v. Seling</u>, and other cases without a showing that the findings apply to him. Thus, Mr. Thorell continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners. (Dkt. # 404, page 6 of 51). By Mr. Thorell's own admission he has refused treatment since 2002 because treatment causes him to suffer from depression. He has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's general response does not address defendants position, the requirement of a specific evidentiary showing.

## THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (C). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

Report and Recommendation - 4

1  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
2  of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service
3  Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

4        The determination of the existence of a material fact is often a close question. The court
5  must consider the substantive evidentiary burden that the nonmoving party must meet at trial,
6  e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W.
7  Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy
8  in favor of the nonmoving party only when the facts specifically attested by the party contradicts
9  facts specifically attested by the moving party. *Id.*

10       The nonmoving party may not merely state that it will discredit the moving party's
11 evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W.
12 Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific
13 statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v.
14 National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

15       In addition, the court is mindful that an action for injunctive relief focuses on whether
16 the combined acts or omissions of state officials violate a constitutional right or duty owed the
17 plaintiff. In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into
18 causation is more specific and focuses on that persons specific actions. Leer v. Murphy, 844 F.
19 2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

21       The plaintiffs' reliance on Turay and other SCC injunctive relief cases is misplaced. The
22 holdings in those cases do not equate to findings of liability for damages against any named
23 defendant. This is because of the difference in standards of proof between actions for injunctive
24 relief and actions for damages. This difference was briefed by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to

Report and Recommendation - 5

identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. *See* Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's findings in Turay did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard allows defendants to require a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. Thorell was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added). (Dkt. # 195). (emphasis in original order). Mr. Thorell has failed to come forward with any evidence to show any right or duty owed to him has been violated. His allegations in the complaint are unsupported by any evidence that shows he has suffered any injury. By his own admission he has refused treatment since 2002. The defendants are entitled to Summary

Report and Recommendation - 6

1  Judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional
2  condition. The defendants are entitled to summary judgement as a matter of law.

### CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 14th, 2006**, as noted in the caption.

DATED this 20th, day of June, 2006.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 7