UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

  v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND RECOMMENDATION REGARDING JACK McNUTT

**NOTED FOR:
JULY 14th, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Jack McNutt.

PROCEDURAL HISTORY

    Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 28th, 2004, defendants filed a memorandum specific to Mr. McNutt. (Dkt. # 328). The

Report and Recommendation - 1

1  memorandum and attached declarations addressed the mental health treatment available and
2  issues specific to Mr. McNutt. (Dkt. # 328 and 329).
3      Plaintiffs filed a single response to all the summary judgment motions. (Dkt. # 404).
4  While the court had authorized each plaintiff to file an over length brief, the court did not
5  authorize the filing of this document which contained over one thousand pages of briefing and
6  materials.
7      Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421).
8  Plaintiff also submits his own declaration. (Dkt. # 416). Defendants reply and note that none of
9  the information provided by plaintiff creates a genuine issue of material fact that implicates any
10 named defendant in this action. (Dkt. # 397).

## FACTS AND CLAIMS

12     This action is one in a series of legal actions regarding the Special Commitment Center
13 (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement.
14 The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat
15 persons whose mental abnormalities or personality disorders make them likely to engage in
16 predatory acts of sexual violence. (Dkt. # 229, page 3).
17     For over a decade the SCC operated under federal oversight as a result of injunctions
18 issued by the United States District Court in Seattle. In 1991 the court found conditions of
19 confinement unconstitutional and found the mental health treatment offered inadequate. Turay
20 v. Seling, C91-0664RSM. On June 19th, 2004 the court found the defendants in substantial
21 compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt
22 # 1906).
23     This plaintiff, Mr. McNutt, was first sent to the SCC as a pre-trail detainee in September
24 of 2000. (Dkt. # 328, page 2). He was committed by stipulation in January of 2002. (Dkt. #
25 328, page 2).
26     Mr. McNutt's most recent diagnosis includes "Pedophilia, Sexually Attracted to Males,

28 Report and Recommendation  - 2

Non- Exclusive Type, Sexual Masochism, Polysubtance Dependance, in a Controlled Environment, Major Depressive Disorder, In Full Remission, Personality Disorder with Antisocial and Aviodant Features. (Dkt. # 329-2, Declaration of Dr. Lynne E. Sullivan Saari, Attachment B, page 3).

Dr. Saari, in her declaration, states that in her professional opinion the treatment available to plaintiff provides plaintiff with an opportunity to improve the conditions for which he is committed. (Dkt. # 329-1). The Plaintiff has not contradicted the factual representations or assertions made by defendants.

Mr. McNutt has participated in treatment since his arrival in 2000. (Dkt. # 328, page 3). At the time of his deposition he was in Phase III and needed to pass two more classes to advance to Phase IV. The documents on file show that narcolepsy has slowed Mr. McNutt's treatment as he had a problem falling asleep in classes. (Dkt. # 328, page 4). In addition to mental health treatment Mr. McNutt has been provided with medication, Depo-Luperon, to lessen his sexual urges. (Dkt. # 328-1, page 4).

Defendants' motion for summary judgement is very specific. Defendants seek summary judgment because the complaint does not "accurately represent each plaintiff's claims, and because **each plaintiff must demonstrate the merit of his own claims to go forward.**" (Dkt. # 229)(emphasis added). Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation. (Dkt. # 229, pages 18 through 37). In essence, defendants argue that none of the plaintiffs can show an injury of constitutional magnitude specific to that plaintiff.

Plaintiff expresses his opinions regarding treatment at the SCC. Plaintiff provides no evidence to show the treatment offered him is inadequate. (Dkt. # 416). Plaintiff challenges the constitutionality of the treatment provided and his conditions of confinement but does not show that any named defendants played any part in any alleged violation.

Two of the named defendants, Lyle Quasim and Robert Smith left their employment at

Report and Recommendation  - 3

the SCC prior to plaintiffs arrival. Lyle Quasim left his position as Secretary of the Department of Social and Health Services in July 2000. Dr. Smith left his position as Clinical Director at SCC in 1999. (Dkt. # 328, page 8). Mr. McNutt did not arrive at SCC until September of 2000, two months after Mr. Quasim left.

The majority of Mr. McNutt's declaration addresses things he has allegedly observed or witnessed regarding other residents and does not address issues specific to him. (Dkt. # 416).

Defendants reply and note that Mr. McNutt's opinion regarding the adequacy of treatment, unsupported by expert testimony, does not create a genuine issue of material fact. (Dkt. # 397). Defendants systematically address each issue raised by Mr. McNutt, note that he cannot raise issues on behalf of others. Defendants show there is no genuine issue of fact precluding summary judgment. (Dkt. # 397).

Defendants note:

> When a person challenges the constitutionality of the fact or duration of his confinement, as Mr. McNutt appears to do by arguing that his release date is controlled by the courts rather than SCC, his sole remedy is through *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). *See* McNutt Aff. ¶ 16. The essence of *habeas corpus* is "an attack by a person in custody upon the legality of that custody." *Preiser*, 411 U.S. at 484. A challenge to the fact or duration of confinement based on allegedly unconstitutional state administrative action "is just as close to the core of *habeas corpus* as an attack on [a] prisoner's conviction." *Id*. at 489. A damage claim that necessarily implies the invalidity of one's judgment or continued confinement can only be brought as a petition for a writ of *habeas corpus*; it is not cognizable under 42 U.S.C. § 1983. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).
>
> Thus, to the extent Mr. McNutt alleges difficulty regarding the uncertainty of his release date, whether he should be released, and under what circumstances, such claims are not cognizable in the context of this case and should be dismissed.

(Dkt. # 397, page2).

Defendants also argue:

> Mr. McNutt further makes myriad conclusory assertions regarding treatment, consistent only to the extent that they lack foundation or are hearsay. *See* McNutt Aff. ¶ 7 (knowledge as to current SCC orientation system), ¶ 9 (conclusion that therapists' conduct jeopardized the trust and rapport of other residents), ¶ 12 (conclusions about therapists' training), ¶ 14 (conclusions about job availability and pay in the community), ¶ 15 (conclusory statements that

Report and Recommendation - 4

residents have no way of showing they have passed a class), ¶ 16 (conclusion that no resident has been endorsed for release under SCC's program, hearsay knowledge of another resident), ¶ 17 (conclusion that therapists are frustrated over differences of opinion among treatment staff), and ¶ 18 (referring to treatment plans as tending to be generic and containing errors). Similar conclusions appear at ¶¶ 23-30. Yet, absent expert testimony that these alleged problems have resulted in Mr. McNutt not receiving minimally adequate treatment for the conditions underlying his detention, his claims fail.

Defendants have shown that SCC professionals have provided Mr. McNutt the opportunity to improve the conditions underlying his commitment through treatment tailored to meet his individual needs. Declaration of Lynn E. Sullivan Saari, Ph.D., Re: Plaintiff McNutt ¶ 3 (dkt. # 329); *see also generally* Assessment (dkt. # 329, Att. B). The treatment, therefore, satisfies due process. *See* Memorandum at III.F. (dkt. # 229). Mr. McNutt has not demonstrated otherwise.

(Dkt. # 397, page 3 and 4).

Mr. McNutt provides no facts to show that defendants personally participated in a constitutional violation. Plaintiff places great weight on the findings of fact made in Turay v. Seling, and other cases without a showing that the findings apply to him. Thus, Mr. McNutt continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners." (Dkt. # 404 page 6). Plaintiff has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary showing. Further, plaintiff fails to show that any named defendant played any part in the alleged constitutional violations.

## THE STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex

Report and Recommendation - 5

1  Corp. v. Catrett, 477 U.S. 317, 323 (1985).

2  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

In addition, the court is mindful that an action for injunctive relief focuses on whether the combined acts or omissions of state officials violate a constitutional right or duty owed the plaintiff. In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into causation is more specific and focuses on that persons specific actions. Leer v. Murphy, 844 F. 2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

Report and Recommendation - 6

The plaintiffs' reliance on Turay is misplaced.  The holdings do not equate to findings of liability for damages against any named defendant because of the difference in standards of proof between actions for injunctive relief and actions for damages.  This difference was briefed by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." Hoisington, et al. v. Seling, et al., No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). Turay is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from Turay that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from Turay that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from Turay applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in Turay does not represent the constitutional minimum. *See* Sharp v. Weston, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In Sharp, the Ninth Circuit specifically noted that Judge Dwyer's findings in Turay did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history.  The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Mr. McNutt was informed of the summary judgment standard.  (Dkt. # 195).  The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.** Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

Report and Recommendation - 7

(Dkt. # 195). (emphasis in original order). Mr. McNutt has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct or that the issue relates to Mr. McNutt and not another resident. (Dkt. # 416). He complains of the conditions in Living Unit Alder West but does not indicate he even lives in that unit. Mr. McNutt does not address issues regarding his treatment or his conditions of confinement. With regard to mental health treatment, defendants have placed the expert testimony of a mental health care provider before the court indicating the treatment provided to Mr. McNutt provides a chance for plaintiff to better his mental condition and plaintiff has not contradicted that assertion in any meaningful way. Further, plaintiff has not shown any constitutional violation regarding the conduct of any named defendant.

While he complains of his conditions he has not shown either personal participation or injury. The same analysis is true for the remaining claims. There is simply no evidence that implicates any named defendant. Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant. The defendants are entitled to summary judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury. Defendants motion for summary judgment should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written

Report and Recommendation - 8

1  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
2  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the
3  time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on
4  **July 14th, 2006**, as noted in the caption.

DATED this 20th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation - 9