UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAPELLO *et al.*,

    Plaintiffs,

  v.

SELING, *et al.*,

    Defendants.

Case No. C02-5242RBL

REPORT AND
RECOMMENDATION
REGARDING
DARNELL McGARY

**NOTED FOR:
JULY 14th, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a summary judgment motion filed by defendants. This Report and Recommendation deals only with the claims of Darnell McGary.

PROCEDURAL HISTORY

    Defendants filed a large number of summary judgment motions during July of 2004. The dispositive motion cut off date was July 30th, 2004. (Dkt. # 195). The motions were supported by a general brief and declarations. (Dkt. # 229 and 230 through 242). On July 28th, 2004, defendants filed a memorandum specific to Mr. McGary. (Dkt. # 332). The memorandum and attached declarations addressed the mental health treatment available and

Report and Recommendation - 1

issues specific to Mr. McGary. (Dkt. # 332 and 333).

Plaintiffs filed a single response to all the summary judgment motions. (Dkt. # 404). While the court had authorized each plaintiff to file an over length brief, the court did not authorize the filing of this document which contained over one thousand pages of briefing and materials.

Plaintiff supports his response with a number of declarations. (Dkt. # 405 through 421). Plaintiff also submits his own declaration. (Dkt. # 406). Defendants reply and note that none of the information provided by plaintiff creates a genuine issue of material fact that implicates any named defendant in this action. (Dkt. # 399).

## FACTS AND CLAIMS

This action is one in a series of legal actions regarding the Special Commitment Center (SCC). Plaintiffs challenge the mental health treatment provided and conditions of confinement. The plaintiffs are all persons confined for mental health treatment. The SCC is designed to treat persons whose mental abnormalities or personality disorders make them likely to engage in predatory acts of sexual violence. (Dkt. # 229, page 3).

For over a decade the SCC operated under federal oversight as a result of injunctions issued by the United States District Court in Seattle. In 1991 the court found conditions of confinement unconstitutional and found the mental health treatment offered inadequate. Turay v. Seling, C91-0664RSM. On June 19th, 2004 the court found the defendants in substantial compliance and lifted the injunctions with one exception. Turay v. Seling, C91-0664RSM (Dkt # 1906).

This plaintiff, Mr. McGary, was first sent to the SCC as a pre-trail detainee in May of 1998. (Dkt. # 332, page 2). Plaintiff was involved in a use of force incident while he was a pre-trial detainee on March 1st, 1999. The use of force involved DOC personnel tasering plaintiff after he left the prison's law library without an escort, ran back to his room, and refused repeated orders to come out and cuff up so he could be taken to segregation.

Report and Recommendation - 2

The petition to have him committed as a sexually violent predator was dismissed on April 14th, 2000 and Mr. McGary was transferred to Western State Mental Hospital where he received treatment for Schizophrenia, Paranoid type. (Dkt. # 332, page 2).  Eight months later, on December 5th, 2000 plaintiff was returned to the Special Commitment Center and a new petition was filed.  Mr. McGary stipulated to his commitment in June of 2003.

Mr. McGary admits that during his first admission he did not participate in treatment. He states:

> I was psychotic at the time when I first came from DOC and I just didn't participate.  I had instructions from one of my attorneys, Keith MacFie, not to participate in the treatment program and, you know, not to participate in the evaluation process and things of that nature, so I didn't.

(Dkt. # 332, Exhibit 1, Deposition of Darnell McGary, page 3).

Mr. McGary's Civil Commitment Evaluation diagnosis includes "Paraphilia Not Otherwise Specified , Polysubstance Abuse, and Antisocial  Personality Disorder," he also has the Schizophrenia Paranoid type diagnosis.  His symptoms for the last diagnosis are controlled through medication.  (Dkt # 333, Declaration of Carole DeMarco, Attachment B. Pages 6 to 9).

When Mr. McGary returned to the SCC in December of 2000 he immediately began treatment.  Because of his schizophrenia, his clinical team determined that participation in Introduction Sex Offender Treatment Group, ISOTG, would not be appropriate and instead Mr. McGary received individual one on one treatment with Dr. Saari.  (Dkt. # 332, Exhibit 1, Deposition of Darnell McGary, Page 10).

Mr. McGary progressed rapidly from Phase I through Phase IV of the treatment program.  At the time of his deposition he was just entering Phase V of treatment.  (Dkt. # 332, Exhibit 1, Deposition of Darnell McGary, page 11).

Mr. McGary's claims are somewhat different from the other plaintiff's in this action. Mr. McGary claims he is being illegally held at SCC because he was released for treatment at Western State Hospital and, by law, any person who meets the definition of a sexually violent predator cannot be housed at Western State Hospital.  He concludes his subsequent transfer

Report and Recommendation  - 3

back to SCC is illegal.  His second claim involves the March 1st, 1999 use of force and his transfer to DOC segregation.  Mr. McGary's other claims mirror the other plaintiffs and he challenges conditions of confinement and treatment offered at SCC.  (Dkt. # 332, Deposition of Darnell McGary and June 20, 2006 dkt. # 406, Declaration of Darnell McGary).

In reply to Mr. McGary's Declaration defendants show the first two causes of action cannot be maintained.. Mr. McGary's first claim is barred by the favorable termination doctrine.  His second claim, the use of force claim, is time barred.  Further, Mr. McGary fails to connect any of his remaining causes of action to any named defendant and the defendants are entitled to summary judgment.

Defendants ask for summary judgment based on the Eleventh Amendment, qualified immunity, personal participation, and lack of a constitutional violation.  (Dkt. # 229, pages 18 through 37).  In the case of Mr. McGary they also raise the favorable termination doctrine and the statute of limitations.  (Dkt. # 332 and 399)

Plaintiff expresses his opinions regarding treatment at the SCC.  Plaintiff provides no evidence to show the treatment offered him is inadequate.  (Dkt. # 406).  Plaintiff challenges the constitutionality of the treatment provided and his conditions of confinement but does not show that any named defendants played any part in any alleged violation.

Defendants reply and note that Mr. McGary's opinion regarding the adequacy of treatment, unsupported by expert testimony, does not create a genuine issue of material fact. (Dkt. # 399).  Defendants systematically address each issue raised by Mr. McGary's in either his declaration or his deposition and show there is no genuine issue of fact precluding summary judgment.  (Dkt. # 399)

Defendants note:

> To the extent that Mr. McGary may claim that he should be treated at WSH rather than committed at WSH [sic], he is precluded from doing so in this action by the doctrine set forth in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). When a person challenges the constitutionality of the fact or duration of his confinement, as Mr. McGary appears to do in his declaration, his sole remedy is through *habeas corpus. See Preiser*, 411 U.S. at 489-90. The essence of *habeas*

Report and Recommendation  - 4

> *corpus* is "an attack by a person in custody upon the legality of that custody." *Id.* at 484. A challenge to the fact or duration of confinement based on allegedly unconstitutional state administrative action "is just as close to the core of *habeas corpus* as an attack on [a] prisoner's conviction." *Id.* at 489. A damage claim that necessarily implies the invalidity of one's judgment or continued confinement can only be brought as a petition for a writ of *habeas corpus*; it is not cognizable under 42 U.S.C. § 1983. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).
>
> Thus, to the extent Mr. McGary argues that he was not properly committed under Wash. Rev. Code ch. 71.09, and should have been committed under Wash. Rev. Code ch. 71.05 (and therefore treated at WSH), such claims are not cognizable in the context of this case and should be dismissed.

(Dkt. # 399, pages 2 and 3).

With regard to the use of force incident and the transfer of Mr. McGary to DOC segregation in March of 1999 defendants argue:

> Mr. McGary presents no evidence to establish the personal participation of any defendants in the March 1999 incident allegedly involving DOC use of a taser. *See* McGary Decl. ¶ 5. Moreover, as defendants explained in their motion regarding Mr. McGary, the incident occurred more than three years before plaintiffs filed their complaint and, therefore, the claim Mr. McGary now asserts is time barred. *See* Defendants' Motion for Summary Judgment Re: Plaintiff Darnell McGary (dkt. # 332) at 5 n. 2.

(Dkt. # 399, page 3 and 4). (footnotes omitted).

Mr. McGary provides no facts to show that defendants personally participated in a constitutional violation. Plaintiff places great weight on the findings of fact made in <u>Turay v. Seling</u>, and other cases without a showing that the findings apply to him. Thus, Mr. McGary continues to argue this action in the abstract. By way of example, he argues damages are "best weighed by everyday spent without constitutionally adequate mental health treatment and more considerate conditions of confinement than prisoners." (Dkt. # 404 page 6). Plaintiff has no evidence to support his assertions that the treatment offered him is in any was inadequate. Plaintiff's response does not meet the requirement of a specific evidentiary showing. Further, plaintiff fails to show that any named defendant played any part in the alleged constitutional violations.

## THE STANDARD

Report and Recommendation - 5

1    Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the
2  pleadings, depositions, answers to interrogatories, and admissions on file, together with
3  affidavits, if any, show that there is no genuine issue of material fact and that the moving party
4  is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party is entitled
5  to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on
6  an essential element of a claim on which the nonmoving party has the burden of proof.  Celotex
7  Corp. v. Catrett, 477 U.S. 317, 323 (1985).
8    There is no genuine issue of fact for trial where the record, taken as a whole, could not
9  lead a rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v.
10 Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific,
11 significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ.
12 P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence
13 supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
14 of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service
15 Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).
16    The determination of the existence of a material fact is often a close question.  The court
17 must consider the substantive evidentiary burden that the nonmoving party must meet at trial,
18 e.g. the preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W.
19 Elec. Service Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy
20 in favor of the nonmoving party only when the facts specifically attested by the party contradicts
21 facts specifically attested by the moving party. *Id.*
22    The nonmoving party may not merely state that it will discredit the moving party's
23 evidence at trial, in hopes that evidence can be developed at trial to support the claim.  T.W.
24 Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra).  Conclusory, nonspecific
25 statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  Lujan v.
26 National Wildlife Federation, 497 U.S. 871, 888-89 (1990).
27
28 Report and Recommendation  - 6

1  In addition, the court is mindful that an action for injunctive relief focuses on whether
2  the combined acts or omissions of state officials violate a constitutional right or duty owed the
3  plaintiff. In contrast, when a plaintiff seeks to hold a defendant personally liable the inquiry into
4  causation is more specific and focuses on that persons specific actions. <u>Leer v. Murphy</u>, 844 F.
5  2d. 628, 632 (9th Cir. 1988).

## DISCUSSION

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' <i>Id</i>. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (<i>quoting</i> <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)).

Here, a ruling on plaintiff's argument that he is illegally held at the SCC would directly implicate his current confinement. This claim cannot be brought in a 42 U.S.C. § 1983 action.

The use of force at issue in Mr. McGary's case occurred on March 1st, 1999. This action was not filed until May 9th, 2002. (Dkt. # 1).

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a state's personal injury statute. In Washington a plaintiff has three years to file an action. <u>Rose v. Rinaldi</u>, 654 F.2d 546 (9th Cir 1981). The use of force in question occurred on March 1st, 1999. Plaintiff had until March 1st, 2002 to file an action. This action was not filed until May 9th, 2002, 70 days after the statute had run.

Report and Recommendation - 7

Mr. McGary's reliance on <u>Turay</u> is misplaced. The holdings do not equate to findings of liability for damages against any named defendant because of the difference in standards of proof between actions for injunctive relief and actions for damages. This difference was briefed by defendants who stated:

> As Judge Leighton explained in a similar case: "Turay has no talismanic quality, the mere invocation of which conjures a cause of action." <u>Hoisington, et al. v. Seling, et al.</u>, No. C01-5228-RBL, October 28, 2003, Order at 6 (dkt. # 189). <u>Turay</u> is of assistance to plaintiffs in this case only if (1) they are able to identify a specific ruling from <u>Turay</u> that, for qualified immunity purposes, was sufficient to put defendants on notice that their conduct potentially violated plaintiffs' constitutional rights; or (2) they can point to a specific factual finding from <u>Turay</u> that could apply by way of collateral estoppel. In either case, each plaintiff must first show how a specific ruling or finding from <u>Turay</u> applies to his situation and establishes a violation of his constitutional rights. In doing so, each plaintiff must be aware that relief ordered in <u>Turay</u> does not represent the constitutional minimum. *See* <u>Sharp v. Weston</u>, 233 F.3d 1166, 1173 (9th Cir. 2000) ("A court may order 'relief that the Constitution would not of its own force initially require if such relief is necessary to remedy a constitutional violation.'"). In <u>Sharp</u>, the Ninth Circuit specifically noted that Judge Dwyer's findings in <u>Turay</u> did not imply the existence of constitutional rights. Thus, for example, Judge Dwyer's order that SCC provide residents private visitation rooms and educational opportunities did not mean that the residents had a constitutional entitlement to those things. Id.

(Dkt. # 229, pages 21 and 22).

The defendants filed a separate motion for summary judgment for each plaintiff that sets forth the treatment provided or available to that person and that persons factual history. The summary judgement standard requires a plaintiff to "present specific, significant probative evidence.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

Mr. McGary was informed of the summary judgment standard. (Dkt. # 195). The court specifically informed plaintiff that if the opposing party moved for summary judgment he would need to:

> **[s]et out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.** <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

Report and Recommendation - 8

(Dkt. # 195). (emphasis in original order).  Mr. McGary has failed to come forward with any evidence to show that any right or duty owed to him has been violated by any named defendant. His allegations in the complaint are unsupported by any evidence that shows he has suffered any constitutional injury.

Plaintiff complains about a number of issues without providing any evidence to show any named defendant played any part in the alleged conduct.  (Dkt. # 406).  He complains of food, the type of treatment available, and contact with Department of Corrections personnel. With regard to mental health treatment, defendants have placed the expert testimony of a mental health care provider before the court indicating the treatment provides a chance for plaintiff to better his mental condition and plaintiff has not contradicted that assertion in any meaningful way.  Further, plaintiff has not shown any constitutional violation regarding the conduct of any named defendant.

While he complains of his conditions he has not shown either personal participation or injury. The same analysis is true for the remaining claims.  There is simply no evidence that implicates any named defendant.  Defendants are entitled to summary judgment based on this plaintiffs lack of evidence that he was subjected to any unconstitutional condition attributable to the actions of any named defendant.  The defendants are entitled to summary judgement as a matter of law.

## CONCLUSION

Defendants are entitled to summary judgment as plaintiff has failed to show a any injury.  Defendants motion for summary judgment should be **GRANTED.**  A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the

Report and Recommendation - 9

1  time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on
2  **July 14th, 2006**, as noted in the caption.

   DATED this 20th day of June, 2006.

                                        *Karen L. Strombom*
                                        Karen L. Strombom
                                        United States Magistrate Judge

28 Report and Recommendation - 10